MRS. SARAH WILLIAMSON v. EDNA WILLIAMSON.

(Filed 12 December, 1956.)

**Trial § 31b—**

> Where the court, relative to one of the determinative issues, charges only on plaintiff's evidence as the basis for an affirmative finding, without charging upon defendant's evidence thereon or any hypothesis upon which the jury could answer the issue in the negative, the charge must be held prejudicial on defendant's appeal.

JOHNSON, J., not sitting.

APPEAL by defendant from *Rousseau, J.,* February Term, 1956, of SURRY.

This was an action to recover damages for breach of contract on the part of defendant to provide services for the plaintiff for life.

It was admitted that on 21 October, 1947, in consideration of $5,000 paid by plaintiff, the defendant and her husband, M. V. Williamson, who was then living, agreed in writing "to furnish Mrs. Sarah Williamson with a room, board and care for her at their home near State Road, N. C. for and during the remainder of her life." M. V. Williamson, who was the son of the plaintiff, died 22 February, 1950. It was not

controverted that the plaintiff remained in the home of defendant from October 1947 until February 1951.

The plaintiff, who is 77 years of age, testified that after her son M. V. Williamson died and the defendant Edna Williamson's parents moved in the home, conditions were not pleasant; that in February 1951 the defendant and her parents announced they were going to a quilting party but declined to permit the plaintiff to accompany them. The father of the defendant, Houston Lewis, then drove the plaintiff to the home of her granddaughter, Mrs. Miller. There the plaintiff suffered a stroke of paralysis and remained until October 1951. While there, the defendant visited her. Plaintiff then went to the home of her daughter Mrs. Southard, and later went to the home of another daughter, Mrs. Melton, in Danville, Va. Plaintiff testified the defendant did not at any time during this period send for her or ask her to return to defendant's home. She admitted, however, that her relations with defendant were friendly and that she wrote her several post cards. During the period since February 1951, the plaintiff has had to incur expenses for doctors and medicine for which the plaintiff paid.

The defendant's evidence tended to show that the plaintiff left defendant's home because she wished to go and be with her granddaughter, and to attend the funeral of a relative, and that Mrs. Miller, her granddaughter, came for her. Defendant testified that when plaintiff left she said she did not know how long she would be away, but would be back; that defendant went to see her and told her to come back when she got ready, and that plaintiff said she would when she wanted to; that her relations with plaintiff were always pleasant.

Issues were submitted to the jury and answered as follows:

"1. Did the plaintiff and defendant enter into a contract as alleged in the complaint? Answer: Yes.
"2. Did the defendant breach the contract, as alleged in the complaint? Answer: Yes.
"3. What damages, if any, is the plaintiff entitled to receive? Answer: $3,000."

From judgment on the verdict, defendant appealed.

*James J. Randleman and Earl C. James for defendant, appellant.*
*Allen, Henderson & Williams for plaintiff, appellee.*

DEVIN, J. On the second issue the court charged the jury as follows: "Now, if you find by the greater weight of the evidence that the defendant carried the plaintiff to her granddaughter's and did not return or send for her, you will answer the issue No. 2 Yes."

To this instruction the defendant duly noted exception and now assigns same as prejudicial error.  We think the exception was well taken.

Examining the entire charge of the court in this case, we do not find any other instruction in which opportunity for an alternative finding was afforded the jury.  There was no hypothesis upon which they were instructed they could answer the issue "no."  The court stated the contentions of the parties on the evidence offered, but in the instruction on the 2nd issue only the ground for an affirmative answer was stated. The burden of proof on the issue was on the plaintiff, and the defendant's evidence tended to throw a different light on the question at issue. We think the defendant was entitled to have her evidence submitted to the jury in such a way as to afford opportunity for a negative response to the issue if the jury so found.  The charge coupled the second issue only with the plaintiff's evidence for the purpose of decision.

We think the defendant entitled to a new trial, and it is so ordered. New trial.

JOHNSON, J., not sitting.