JAMES L. SUGG, Administrator of JOHN WAYNE SUGG, Deceased v.
JAMES HART BAKER, SR.

(Filed 8 April, 1964.)

**1. Trial § 22—**

> On motion to nonsuit, plaintiff's evidence together with evidence of defendant which is not in conflict therewith but which tends to clarify or explain plaintiff's evidence, is to be considered in the light most favorable to plaintiff.

**2. Automobiles § 7—**

> It is the duty of a motorist to anticipate and expect the presence of others and he is under duty not merely to look but to keep a lookout in his direction of travel and will be held to the duty of seeing what he ought to see.

**3. Automobiles § 41m—**

> Evidence tending to show that defendant was traveling some 15 to 20 miles per hour along a street, with his attention focused on a man and two youths with a homemade go-cart in a driveway to his left, and that he did not see plaintiff's intestate, a child some twenty-eight months old, until after he had struck the child, and that the child had wandered into the street from behind a hedge along a driveway on defendant's right, *is held* sufficient to be submitted to the jury on the issue of negligence, since the evidence permits an inference that had defendant kept a lookout he might have seen the child in time to have stopped or turned and avoided the injury.

APPEAL by defendant from *Cowper, J.,* October 1963 Session of GREENE.

Action by plaintiff to recover damages for the wrongful death of his intestate John Wayne Sugg, a child 2½ years of age, allegedly caused by defendant's negligent operation of an automobile.

The jury found by its verdict that the death of plaintiff's intestate was proximately caused by defendant's negligence, as alleged in the complaint, and awarded $2,500 as damages.

From a judgment on the verdict, defendant appeals.

*Whitaker & Jeffress for defendant appellant.*
*Braswell & Strickland by Thomas E. Strickland, and Jones, Reed & Griffin for plaintiff appellee.*

PARKER, J. There was a former appeal in this case, which is reported in 258 N.C. 333, 128 S.E. 2d 595. On the former appeal the plaintiff was Lester C. Sugg. At the October Session 1963, Judge Cowper entered an order in which, after finding that Lester C. Sugg was

dead and that James L. Sugg had been duly appointed as administrator of John Wayne Sugg, deceased, he substituted James L. Sugg, Administrator, as plaintiff in the action in the place of Lester C. Sugg. Whereupon, James L. Sugg as administrator filed a complaint adopting *in toto* the complaint heretofore filed in the action by Lester C. Sugg as administrator. On the first trial of this action the jury answered the negligence issue in favor of defendant, and the court entered judgment denying recovery and dismissing the action. On appeal this Court awarded a new trial for error in the charge.

Defendant assigns as error the denial of his motion for judgment of compulsory nonsuit made at the close of all the evidence. The question as to whether there was sufficient evidence of negligence on the part of the defendant to carry the case to the jury was not presented for determination on the former appeal.

"In ruling upon a motion for an involuntary judgment of nonsuit under the statute after all the evidence on both sides is in, the court may consider so much of the defendant's testimony as is favorable to the plaintiff or tends to clarify or explain evidence offered by the plaintiff not inconsistent therewith; but it must ignore that which tends to establish another and different state of facts or which tends to contradict or impeach the testimony presented by the plaintiff." *Bundy v. Powell,* 229 N.C. 707, 51 S.E. 2d 307.

The evidence of plaintiff considered in the light most favorable to him, *Bridges v. Graham,* 246 N.C. 371, 98 S.E. 2d 492, and the evidence of defendant favorable to him, shows the following facts:

About 7 p.m. on 12 July 1960, defendant was driving a 1959 Chevrolet station wagon northwestwardly along Fourth Street in the town of Snow Hill on his right side of the street at a speed of about 25 miles an hour. The street here is approximately 30 feet wide; it was dry, and there was no other traffic. As he approached the Ivan Godwin house on his right side of the street, he saw ahead of him a man age 23 years and two youths age 19 years and 16 years respectively with a homemade motor go-cart in a lane or driveway about five feet off the west side of the pavement of the street to his left. Defendant testified in his behalf that when he saw them, "I slowed down, and fixed my eyes on them, but did not turn my head." He slowed down to 15 or 20 miles an hour. On the east side of the street to his right, the Godwin house was ahead of him situate on a lot 50 feet wide, and there was a hedge about one foot from and running parallel to the curb of the street, but there was no sidewalk. The hedge was three to five feet high and extended to the driveway at the south edge of the Godwin lot. As he approached the Godwin house, there were also a street sign

indicating "No Parking," a telephone pole, and a garbage can, all within a foot or two of his right-hand side of the street. Defendant was driving four to six feet from the curb of the street. He testified in his own behalf: "After I saw the boys [with the go-cart] were going to be stationary, I focused my eyes straight ahead, and then I felt a bump, right about here (indicating), which is 5 to 7 feet from the north edge of the Godwin driveway toward the stop light. * * * I saw the child after I felt the impact, but at no time before the impact. * * * The right-hand front headlight of my automobile came in contact with the child, and that headlight was broken." He testified on cross-examination: "I did not see the child at any time before it struck the car, and did not know what I had hit. * * * The first time that I knew that I had hit John Wayne Sugg was when I got out of my car and went back to see what I had hit." John Wayne Sugg, who lacked four days of being 28 months old and was about 33 inches tall, had alighted from an automobile in the Godwin driveway and had gone from there into the street. As defendant was approaching the Godwin house and about two blocks away, he testified, "I saw a car come from the opposite direction and turn into the Godwin driveway." Defendant stopped his station wagon, which was approximately 16 or 17 feet in length, about its length away from the body of John Wayne Sugg. John Wayne Sugg died a short time thereafter as a result of being struck by defendant's automobile.

Plaintiff alleges in his complaint, *inter alia*, that defendant was negligent in operating his automobile without keeping a proper lookout.

"It is the duty of the driver of a motor vehicle not merely to *look*, but to *keep an outlook* in the direction of travel; and he is held to the duty of seeing what he ought to have seen." *Wall v. Bain*, 222 N.C. 375, 23 S.E. 2d 330. This has been quoted with approval time and time again in our decisions as shown by Shepherd's N. C. Citations.

The operator of a motor vehicle has no right to assume that the road is clear of other travelers, but he must be reasonably vigilant in maintaining an adequate lookout, and anticipate and expect the presence of others. *Tarrant v. Bottling Co.*, 221 N.C. 390, 20 S.E. 2d 565; 7 Am. Jur. 2d, Automobiles and Highway Traffic, sec. 355.

Plaintiff's evidence, and defendant's evidence favorable to him, would permit, but not compel, a jury to find that defendant operated his station wagon an appreciable distance along Fourth Street in the town of Snow Hill with his eyes "fixed" and "focused" on a man and two youths with a homemade motor go-cart in a lane or driveway off the left side of the street he was traveling on, and that he was not main-

taining any lookout at all on the right side of the street he was travel-ing on. That his failure to keep any lookout at all for persons and ob-jects on his right side of the street continued to the very moment when his right front headlight struck the child, because he testified on cross-examination, "The first time that I knew that I had hit John Wayne Sugg was when I got out of my car and went back to see what I had hit." That defendant's failure to keep a proper lookout was negligence, and that he in the exercise of the reasonable care of an ordinarily pru-dent person should have foreseen that some injury would result from such negligence, or that consequences of a generally injurious nature should have been expected. That defendant had slowed down to 15 to 20 miles an hour, and that his failure to keep any lookout at all to his right prevented him from seeing the child until after he had hit him, and from stopping or turning to the left to avoid striking the child, and was a proximate cause of the child's death. It is hornbook law that a 28-months-old child is incapable of contributory negligence. *Walston v. Greene,* 247 N.C. 693, 102 S.E. 2d 124. The trial court properly overruled defendant's motion for judgment of compulsory nonsuit made at the close of all the evidence.

The other assignments of error are formal: failure to set the verdict aside and exception to the judgment. The judgment below is

Affirmed.