MATTIE FAISON, PLAINTIFF v. T & S TRUCKING COMPANY, INC.; NELLIE B. JOY, ADMINISTRATRIX OF WILDON M. JOY, DECEASED; AND ETHELYN SHAW FISHER, ORIGINAL DEFENDANTS; AND RAYMOND FLOYD, JR., AND PERSON-GARRETT COMPANY, INC., ADDITIONAL DEFENDANTS.

(Filed 4 February, 1966.)

1. **Automobiles § 11—**

    The violation of G.S. 20-129 and G.S. 20-134, setting forth statutory requirements as to lights, is negligence *per se*.

2. **Automobiles § 41e—**

    Evidence that the individual defendant stopped the corporate defendant's tractor-trailer on the highway at night, without lights, and that plaintiff, a guest in a following car, was injured when the car crashed into the rear of the trailer, *held* to take the issue of negligence to the jury, notwithstanding conflict in the evidence as to whether lights were burning on the trailer.

3. **Automobiles § 40; Evidence § 30—**

    Statements of a driver made some time after the accident as to what occurred on the occasion of the collision, the driver having died prior to trial, are hearsay and incompetent.

4. **Trial § 33—**

    The trial judge is required to relate and apply the law to the variant factual situations having support in the evidence. G.S. 1-180.

5. **Automobiles § 9—**

    "Parking" and "leaving standing" as used in G.S. 20-161(a) are synonymous, and neither term includes a mere temporary or momentary stoppage on a highway for a necessary purpose when there is no intent to break the continuity of travel.

6. **Automobiles § 46— Failure to charge that stopping under situation presented by evidence would not constitute parking held error.**

    Where there is evidence to the effect that a tractor-trailer was stopped with its wheels on the shoulder but with the rear of the trailer extending

over the hardsurface some two feet, that defendant's tractor-trailer stopped momentarily to enable oncoming traffic to pass before attempting to swing around the tractor-trailer on the shoulder, the court should instruct the jury, as constituting one of the factual situations presented by the evidence, that in such circumstances the driver of defendant's tractor-trailer in stopping would not be parking or leaving the vehicle standing in violation of G.S. 20-161(a), and an instruction correctly defining the terms "parking" and "leave standing" but failing to apply the law to this factual situation is prejudicial error.

**7. Trial § 33—**

A charge which does not state any of the evidence except in the form of the contentions of the parties is not sufficient. G.S. 1-180.

**8. Pleadings § 28—**

Plaintiff must prove her case substantially as alleged in her complaint, and may not take a position contrary to her pleadings.

**9. Automobiles § 41a—**

Plaintiff's evidence must be viewed in relation to the factual situation alleged in the complaint in determining the sufficiency of the evidence.

**10. Automobiles § 41f—**

Evidence favorable to plaintiff tending to show that a vehicle without lights was stopped on a straight highway some 300 to 400 feet beyond a curve, and that the driver of the car in which plaintiff was a passenger collided with the rear of the standing vehicle, *held* sufficient to take the issue of the driver's negligence to the jury.

**11. Trial § 33—**

Evidence of a defendant which is favorable to plaintiff must be considered in passing on motion to nonsuit and be included in the charge as one of the variant factual situations presented by the evidence. G.S. 1-180.

**12. Automobiles § 46—**

An instruction on the duty of a motorist to maintain a reasonably careful lookout and control and not to drive at a speed greater than reasonable and prudent under the circumstances, but which fails to relate these principles of law to a factual situation presented by plaintiff's allegations and evidence to the effect that defendant driver crashed into the rear of an unlighted tractor-trailer standing in her lane of travel on a straight highway some 300 to 400 feet beyond a curve, must be held for prejudicial error.

APPEALS (1) by defendants Trucking Company and Joy, administratrix, and (2) by plaintiff, from *Latham, Special. Judge,* January 25, 1965, Civil Session of WAKE.

Plaintiff was injured August 22, 1961, when the 1959 Chevrolet owned and operated by defendant Fisher (Mrs. Fisher), in which plaintiff was a guest passenger, collided with the rear of the trailer portion of a tractor-trailer combination (T/T) owned by defendant

Trucking Company and operated by defendant Wildon M. Joy, its employee, within the scope of his employment. Both vehicles were headed south on N. C. Highway No. 41. The collision occurred about 7:45 p.m., after dark, approximately three miles south of Lumberton, N. C.

Upon the death of Wildon M. Joy during the pendency of this action, the administratrix of his estate was substituted as a party defendant and adopted his pleadings.

Plaintiff alleged Wildon M. Joy (Joy) had parked the Trucking Company's T/T in the right lane for southbound traffic without displaying "the lights required by law"; and that the Fisher car, traveling "at a high and dangerous rate of speed," collided with the rear of the Trucking Company's T/T "with great force." Upon these allegations, plaintiff alleged defendants were guilty of actionable negligence in the respects set out below.

Plaintiff alleged Joy parked the Trucking Company's T/T upon the paved portion of a main-traveled highway, outside of a business or residential district, when it was practicable to park it on the shoulder of said highway; and that he parked and stopped the T/T he was operating upon the paved portion of a main-traveled highway without displaying lights upon such vehicle as required by G.S. 20-134.

Plaintiff alleged Mrs. Fisher failed to keep a proper lookout and to maintain proper control of her car; that she operated her car at a speed greater than was reasonable and prudent under existing conditions; that she "failed to cut to the left or to the right or to take any other evasive action to avoid striking" the T/T; and that she failed to reduce speed as she approached the parked T/T in her line of travel.

Plaintiff alleged the negligence of defendants in the respects alleged "jointly, concurrently, and successively" proximately caused the collision.

Defendants Trucking Company and Joy, in a joint answer, denied plaintiff's allegations as to their negligence. They alleged the collision was caused by the negligence of Mrs. Fisher in specified respects. Upon their allegations and motion, Raymond Floyd, Jr., and Person-Garrett Company, Inc., alleged joint tort-feasors, were joined as additional parties defendant under G.S. 1-240.

Defendant Fisher, in a separate answer, denied plaintiff's allegations as to her negligence. She alleged, *inter alia*, that the negligence of defendants Trucking Company and Joy was the sole proximate cause of the collision.

Evidence was offered by plaintiff, by defendants Trucking Company and Joy and by defendant Fisher.

Uncontradicted evidence tends to show the facts narrated below.

N. C. No. 41, in the vicinity of the collision, is a two-lane highway. The paved (blacktop) portion thereof is approximately 22 feet wide. The shoulders, surfaced with grass and sandy rock, were slightly lower (an inch or less) than the paved portion; and each shoulder was approximately 10 feet wide. The highway ran through open farming country. Where the collision occurred, the highway was level and straight. The collision occurred south of a curve.

Miss Faison, the plaintiff, and Mrs. Hilburn, both of Raleigh, were visiting Mrs. Fisher, Mrs. Hilburn's sister, at her home in Robeson County, having arrived during the afternoon of August 22, 1961. Mrs. Fisher's home is on said highway, approximately one-half mile south of the place of collision. The ladies had been to Lumberton and were returning to Mrs. Fisher's home when the collision occurred. Mrs. Fisher was driving; Miss Faison was on the front seat to the driver's right; and Mrs. Hilburn was on the back seat, on the right side.

A Chevrolet tractor-trailer owned by Person-Garrett Company, Inc., and operated by Raymond Floyd, Jr., its employee, was on its way from Lumberton to Fairmont with a load of tobacco. When the "engine went off completely," Floyd steered the vehicle onto the right shoulder as it was rolling to a stop. When the Person-Garrett T/T came to a stop, all four wheels of the tractor were on the shoulder. The left rear corner of the trailer was over the paved part of the highway about two feet. Henry Watson and Emerson Watson, employees of Person-Garrett, were in the trailer to take care of the tobacco. They were seated on stacks of tobacco, looking back over the tail gate of the trailer.

Defendant Trucking Company's T/T, operated by Joy, stopped approximately in the center of the lane for southbound traffic, some 25 feet from the Person-Garrett T/T. No vehicle collided with the Person-Garrett T/T.

Conflicts in the evidence relevant to decision will be discussed in the opinion.

After plaintiff and defendants Trucking Company and Joy had offered their evidence, the court, upon motion therefor, entered judgment of involuntary nonsuit as to the cross action of defendants Trucking Company and Joy against additional defendants Raymond Floyd, Jr., and Person-Garrett Company, Inc., for contribution.

The issues submitted and the jury's answers are as follows:

"1. Was plaintiff Mattie Faison injured and damaged as a result of the negligence of defendants T & S Trucking Company, Inc. and Wildon M. Joy, as alleged in the Complaint? Answer: Yes.

"2. Was plaintiff Mattie Faison injured and damaged as a re-

sult of the negligence of defendant Ethelyn Shaw Fisher, as alleged in the Complaint? ANSWER: No.

"3.  What amount, if any, is plaintiff Mattie Faison entitled to recover for personal injuries?  ANSWER: $18,550.00."

The court entered judgment that plaintiff have and recover of defendants Trucking Company and Joy the sum of $18,550.00 and costs. (Note: While the judgment sets forth the issues and answers thereto, there is no "adjudication" as between plaintiff and defendant Fisher.)

Defendants Trucking Company and Joy excepted to said judgment and appealed.

Plaintiff excepted "to the signing and entry of the Judgment as it relates to defendant Ethelyn Shaw Fisher" and appealed.

*Teague, Johnson & Patterson and Ronald C. Dilthey for plaintiff appellant appellee.*

*Jordan & Toms and William R. Hoke for T & S Trucking Company, Inc., and Nellie B. Joy, administratrix, defendant appellants.*

*Smith, Leach, Anderson & Dorsett and C. K. Brown, Jr., for Ethelyn Shaw Fisher, defendant appellee.*

BOBBITT, J.

APPEAL OF DEFENDANTS TRUCKING COMPANY AND JOY.

With reference to nonsuit, there was evidence sufficient to support jury findings that the Trucking Company's T/T had stopped in the lane for southbound traffic, after dark, without displaying *any* lights, and that the driver and occupants of the Fisher car had no notice of its presence until the headlights of the Fisher car, when it rounded the curve and was within a short distance of the T/T, picked up two reflectors on the back of the trailer. The violation of G.S. 20-129 and of G.S. 20-134, setting forth statutory requirements as to lights, is negligence *per se. Correll v. Gaskins,* 263 N.C. 212, 139 S.E. 2d 202, and cases cited. While defendants Trucking Company and Joy offered conflicting evidence to the effect lights were burning on the back of the Trucking Company's T/T and also on the Person-Garrett T/T and that the distance from the curve to the Trucking Company's T/T was 300-400 feet, the evidence, when considered in the light most favorable to plaintiff, was sufficient to withstand the motion of nonsuit and to require the submission of the first issue.

It is noted that plaintiff's action against defendants Trucking Company and Joy is based on two alleged acts of negligence, namely, (1)  failure to display lights as required by G.S. 20-134 and  (2) parking on the highway in violation of G.S. 20-161(a). The evidence relating to G.S. 20-161(a) will be considered below.

Joy died, apparently from causes unrelated to the collision, subsequent to the filing of answer and prior to trial.

Assignments of error based on exceptions to the court's refusal to permit the investigating State Highway Patrolman and the widow-administratrix to testify as to statements made by Joy as to what occurred on the occasion of the collision are without merit. It is noted that counsel for defendant Trucking Company and for defendant administratrix sought to elicit testimony as to Joy's declarations on cross-examination of the State Highway Patrolman and on direct examination of Mrs. Joy. There is no contention the declarations were admissible as part of the *res gestœ.* The evidence sought to be elicited was hearsay and therefore incompetent. Stansbury, North Carolina Evidence, Second Edition, § 138.

G.S. 20-161(a) in part provides: "No person shall park or leave standing any vehicle . . . upon the paved . . . portion of any highway . . . when it is practicable to park or leave such vehicle standing off of the paved . . . portion of such highway: Provided, in no event shall any person park .or leave standing any vehicle . . . upon any highway unless a clear and unobstructed width of not less than fifteen feet upon the main traveled portion of said highway opposite such standing vehicle shall be left for free passage of other vehicles thereon . . ."

When instructing the jury on the first issue, the court, after stating in substance the quoted statutory provisions, continued as follows: "Now, gentlemen, this word 'park' as used in this statute means something more than a mere temporary or momentary stoppage on the road for a necessary purpose. The word 'park' and 'leave standing' as used in the statute are synonymous. It has been said that a vehicle is parked within the meaning of this statute upon the highway when those in charge stop it upon a highway and intentionally leave it upon the concrete to pursue some activity other than that concerned with the car and its operation, however commendable it may be."

Immediately following the quoted instruction, the court instructed the jury as follows:

"(F)   So, gentlemen, if the plaintiff should satisfy you from the evidence and by its greater weight that Mr. Joy as he drove the T & S Trucking Company vehicle on North Carolina Highway at the time and at the place in question, *parked or left standing* this tractor-trailer on the paved or main-traveled portion or hard-surfaced portion of North Carolina 41, when it was practicable to park or leave such vehicle standing off of the paved or main-traveled portion of such highway, or if the plaintiff satisfies you from the evidence and by its greater weight that Mr. Joy *parked or left stand-*

*ing* the T & S truck-trailer on the paved main-traveled or hard-surfaced part of North Carolina 41, and did not leave a clear and unobstructed width of not less than 15 feet upon the main-traveled portion of North Carolina 41 opposite the tractor-trailer, or that Mr. Joy *parked* the tractor-trailer upon the highway at a spot where a clear view could not be obtained from a distance of 200 feet in both directions, then the Court charges you as a matter of law that such conduct would constitute negligence on the part of T & S Trucking Company and Mr. Joy. (F)" (Our italics.)

Defendants Trucking Company and Joy excepted to the portion of the charge between (F) and (F) on the ground the court did not attempt to relate and apply the law to the respective factual contentions of the parties.

If, as the court indicated in the first quoted excerpt, a vehicle is parked upon the highway within the meaning of the statute only "when those in charge stop it upon a highway and intentionally leave it upon the concrete to pursue some activity other than that concerned with the car and its operation, however commendable it may be," (see dissenting opinion in *Beck v. Hooks,* 218 N.C. 105, 114, 10 S.E. 2d 608) there would be serious doubt as to whether there is evidence disclosing a violation of G.S. 20-161(a). Evidence offered by defendants Trucking Company and Joy tends to show that Joy and his 11-year old son, Ronnie Joy, were in the cab of the Trucking Company's tractor from the time the T/T stopped until the time of the collision. Included in the testimony of Mrs. Fisher and of Mrs. Hilburn is testimony to the effect they saw a man standing on the paved portion of the highway at the cab of the Trucking Company's T/T immediately preceding the collision. Mrs. Fisher's testimony purports to identify the man as "a white man" wearing "a light shirt."

The evidence was in irreconcilable conflict as to whether, preceding and at the time of collision, northbound traffic was approaching. Evidence for defendants Trucking Company and Joy tends to show there was such traffic. Evidence for plaintiff and Mrs. Fisher tends to show there was no such traffic.

With reference to how long the Trucking Company's T/T had been stopped before the collision, the estimate of the two men seated in the back of the Person-Garrett T/T was in terms of seconds. The more vivid testimony was that of young Ronnie Joy who testified: "As for how long it was after we came up on the truck in the highway before the car hit us from behind, just something like soon as we got there; we were getting ready to go around, car coming, couldn't go around, happened so quick. Yes, sir, you could say immediately."

Under G.S. 1-180, the trial judge is required to relate and apply the law to the variant factual situations having support in the evidence. *Westmoreland v. Gregory,* 255 N.C. 172, 177, 120 S.E. 2d 523, and cases cited.

All the evidence tended to show the Trucking Company's T/T stopped approximately in the center of the lane for southbound traffic. Defendants Trucking Company and Joy did not contend Joy could not have driven the Trucking Company's T/T onto the shoulder or that the Trucking Company's T/T was a disabled vehicle as defined in G.S. 20-161(c). If the T/T was parked or left standing in violation of G.S. 20-161(a), Joy was guilty of negligence *per se. Hughes v. Vestal,* 264 N.C. 500, 508, 142 S.E. 2d 361. The crucial question was whether the Trucking Company's T/T was *parked or left standing* within the meaning of those terms as used in G.S. 20-161(a).

The court correctly stated that "park" and "leave standing," as used in G.S. 20-161(a), are synonymous; and that neither term includes a mere temporary or momentary stoppage on the highway for a necessary purpose when there is no intent to break the continuity of the travel. *Peoples v. Fulk,* 220 N.C. 635, 18 S.E. 2d 147, and cases cited; *Saunders v. Warren,* 264 N.C. 200, 203, 141 S.E. 2d 308, and cases cited.

If, as defendants Trucking Company and Joy contended and as their evidence tended to show, the Trucking Company's T/T, operated by Joy, had stopped temporarily or momentarily to enable northbound traffic to pass before attempting to swing the Trucking Company's T/T (the trailer portion was 36 feet long and 7 feet, 10 inches wide) to the left and thereby avoid possible collision with either the Person-Garrett tractor-trailer or oncoming traffic, the Trucking Company's T/T was not parked or left standing in violation of G.S. 20-161(a). Application of the law to the facts in evidence required that the court, in substance, so instruct the jury. The court's failure to do so constitutes prejudicial error for which defendants Trucking Company and Joy are entitled to a new trial.

It is noted that the court did not state any of the evidence except in the form of contentions. Under our decisions, this does not comply with the requirement of G.S. 1-180 that the judge "shall declare and explain the law arising on the evidence given in the case." *Brannon v. Ellis,* 240 N.C. 81, 83, 81 S.E. 2d 196, and cases cited.

"The chief purpose of a charge is to aid the jury to understand clearly the case and arrive at a correct verdict. For this reason, the Court has consistently held that G.S. 1-180 confers a substantial legal right, and imposes upon the trial judge a positive duty, and his failure to charge the law on the substantial features of the case

arising on the evidence is prejudicial error, and this is true even without prayer for special instructions." *Bulluck v. Long,* 256 N.C. 577, 587, 124 S.E. 2d 716.

Whether defendants Trucking Company and Joy violated G.S. 20-161(a) has no bearing upon their obligations in respect of lighting equipment and lights imposed by G.S. 20-129 and G.S. 20-134. *Melton v. Crotts,* 257 N.C. 121, 125, 125 S.E. 2d 396.

## APPEAL OF PLAINTIFF.

With reference to the second issue, the court instructed the jury that defendant Fisher would be negligent if, while driving south on said highway, she (1) "did not keep such a lookout as a reasonably prudent person under the same or similar conditions would have kept," or (2) "did not operate her automobile at such a speed or in such a manner that she could maintain the control of her car which under the same or similar circumstances a reasonably prudent person would have maintained," or (3) "drove her automobile . . . at a speed that was greater than was reasonable and prudent under the then existing conditions, regardless of whether that speed was more or less than 55 miles per hour." Plaintiff excepted to excerpts from the charge containing these instructions.

Later, the court instructed the jury to answer the second issue, "Yes," if they found from the evidence and by its greater weight that defendant Fisher was negligent and that her negligence was the proximate cause or one of the proximate causes of plaintiff's injury.

The court did not state any of the evidence pertinent to the second issue except in the form of defendant Fisher's contentions as to what the evidence tended to show. There was no reference to what plaintiff contended the evidence pertinent to the second issue tended to show. Nor, with reference to the second issue, did the court attempt to relate and apply the law to the variant factual situations disclosed by the evidence.

Plaintiff was required to prove negligence against defendant Fisher substantially as alleged in her complaint. *Messick v. Turnage,* 240 N.C. 625, 83 S.E. 2d 654. Plaintiff alleged and testified Trucking Company's T/T was parked on the highway without lights in the lane for southbound traffic. She cannot take a position contradictory to her pleading. *Nix v. English,* 254 N.C. 414, 420, 119 S.E. 2d 220; *Davis v. Rigsby,* 261 N.C. 684, 686, 136 S.E. 2d 33. Consequently, all of plaintiff's allegations and evidence as to failure to keep a proper lookout, as to failure to exercise proper control and as to excessive speed must be considered in the context of plaintiff's allegations and evidence that Mrs. Fisher was confronted by an unlighted T/T.

We agree with the court's ruling that the evidence when considered in the light most favorable to plaintiff was sufficient to withstand defendant Fisher's motion for judgment of nonsuit and to require submission of the second issue. This being so, compliance with G.S. 1-180 was required.

We recognize the difficulty inherent in a case such as this where plaintiff is seeking to establish that the collision was caused both by the actionable negligence of defendants Trucking Company and Joy *and* by the actionable negligence of defendant Fisher. However, assuming there were no lights on the back of the Trucking Company's trailer, this fact in itself would not exculpate defendant Fisher. Assuming a basis therefor in the evidence, it would be for the jury to determine whether defendant Fisher was negligent in respect of failure to keep a proper lookout and in respect of excessive speed and whether such negligence was a proximate cause of the collision.

According to plaintiff's testimony: Plaintiff was engaged in conversation, principally with Mrs. Hilburn, while the Fisher car was proceeding south toward Mrs. Fisher's home. When the collision occurred, plaintiff was 66 years of age. She had not driven a car since the days of the "Model T." She was not familiar with the area where the collision occurred and "wasn't looking." She did not know how fast Mrs. Fisher was driving. Plaintiff testified: "(A)ll of a sudden I felt Mrs. Fisher's car kind of jerk, and I throwed up my hands like that, and I seen this truck in front of us with no lights on it . . . ." Again: "As for how soon after I felt the car jerk did the collision occur, by the time I could say, 'Lord, save me', I didn't know any more." Plaintiff testified she saw no oncoming (northbound) traffic.

On cross-examination, plaintiff testified as follows: "Mrs. Fisher was driving at a rate of speed that was nothing unusual about it. Yes, I was perfectly content sitting there in the car with her as I rode along; I thought she was a careful driver. I didn't find a thing to criticize her about as I was going along about her driving."

Mrs. Fisher and Mrs. Hilburn estimated Mrs. Fisher's speed at 40-45 miles per hour. Henry Watson estimated the speed of the Fisher car at "55 or 60." Mrs. Fisher testified the road was "curvy"; and that when she completed a curve to the right the Trucking Company's T/T was "very close," only two car-lengths ahead and directly in her path, when her headlights picked up the reflectors on the back of the Trucking Company's trailer. Mrs. Fisher testified: "Yes, it had rained that day. On and off all day. As a matter of fact, it was not exactly rainy at the time of the accident, but kind of

misty fog, and I had my windshield wipers on. It was enough to get that dirt on the highway throwing on my windshield."

Evidence offered by defendants Trucking Company and Joy tended to show the distance from the curve to the Trucking Company's T/T was 300-400 feet.

It is well established that evidence offered by defendant that tends to support plaintiff's allegations is to be considered in passing upon a motion for judgment of nonsuit. *Nix v. English, supra; Sugg v. Baker*, 261 N.C. 579, 135 S.E. 2d 565, and cases cited. G.S. 1-180 requires that the court "declare and explain the law arising" on such evidence.

If Mrs. Fisher by the exercise of due care should have seen the Trucking Company's T/T even if there were no lights on the rear of the trailer when she was such distance away that by the exercise of due care she could have avoided the collision by stopping, slowing down or taking other evasive action, her failure to do so would constitute actionable negligence. Again: If Mrs. Fisher, taking into consideration all existing conditions, was operating her car at a greater rate of speed than was reasonable and prudent, and on account of such excessive speed was unable to avoid the collision after she saw or by the exercise of due care should have seen an unlighted T/T in her path, such excessive speed would constitute actionable negligence on the part of Mrs. Fisher. Plaintiff was entitled to have the jury instructed substantially as indicated. Actionable negligence in the respects indicated would not be in conflict with plaintiff's allegations and evidence tending to show that negligence on the part of defendants Trucking Company and Joy was also a proximate cause of the collision.

Hence, the jury's answer to the second issue is set aside and the judgment, to the extent it may affect the case as between plaintiff and defendant Fisher, is vacated.

The result of the foregoing is that the entire verdict and the judgment are set aside. A new trial on all issues raised by the pleadings is awarded.

On appeal by defendants Trucking Company and Joy, new trial.

On plaintiff's appeal, new trial.