STATE OF NORTH CAROLINA v. WILEY RALPH KEZIAH.

(Filed 22 March, 1967.)

Trespass § 13—

Where defendant's evidence in a prosecution for trespass is to the effect that the prosecutrix had forbidden him the premises only when he was intoxicated and that on the occasion in question he was sober, defendant is entitled to an instruction on the legal effect of his evidence, and an unqualified instruction to find defendant guilty if the jury was satisfied beyond a reasonable doubt that the prosecutrix had previously forbidden defendant to come on the premises and that on the date in question he wilfully entered upon them, must be held for prejudicial error.

APPEAL by defendant from *Martin, S.J.,* October 3, 1966 Schedule C Criminal Session of MECKLENBURG.

Defendant was first tried and convicted in the Recorder's Court of the City of Charlotte upon a warrant which charged that, on September 20, 1966, he "willfully, maliciously and unlawfully DID TRESPASS UPON THE PREMISES OF MRS. MARIE PATTERSON LOCATED AT 734 W. TRADE ST. AFTER BEING FORBIDDEN TO DO SO IN VIOL. N. C. LAWS G.S. 14-134." From the prison sentence imposed, he appealed to the Superior Court, where he was tried *de novo* upon a plea of not guilty.

Evidence for the State tends to show: Defendant was once married to Mrs. Marie Patterson's daughter. On September 20, 1966, he walked into Mrs. Patterson's kitchen. He was sober at the time. She had told him 10-14 times previously never to come onto her premises. She had charged him with trespass on other occasions, and, on this day, she called the police as soon as he came into the kitchen.

Defendant's testimony tends to show: On September 20, 1966, Mrs. Patterson's son and granddaughter invited him into her kitchen. Mrs. Patterson had told him that he was welcome in her home whenever he was sober, but she had forbidden him to come there when he was drinking. On this occasion, he had not been drinking. He told Mrs. Patterson that he would like to talk to her. She replied that she would talk to him in a few minutes and disappeared into her bedroom. She stayed so long that he decided to leave. When he went out onto the porch, two policemen arrested him for trespass.

The jury's verdict was "guilty as charged in the warrant." From the judgment imposed, defendant appeals.

*T. W. Bruton, Attorney General, Millard R. Rich, Jr., Assistant Attorney General, for the State.*

*E. Glenn Scott, Jr., for defendant.*

SHARP, J. The judge charged the jury that they would return a verdict of guilty as charged if they were satisfied beyond a reasonable doubt that, on September 20, 1966, Mrs. Patterson was in possession of the premises at 734 West Trade Street, Charlotte, North Carolina; that she had previously forbidden defendant from coming onto those premises; and that on that date he wilfully entered upon them. Defendant contends that this instruction presented to the jury only the State's theory of the case and ignored the hypothesis upon which he based his defense. He assigns as error the failure of the court to charge that if the jury should find that Mrs.

Patterson had forbidden defendant to come upon her premises only when he was drinking and that he had had nothing to drink on the occasion in question, their verdict should be not guilty.

This assignment of error must be sustained. G.S. 1-180 requires the trial judge to apply the law to the various factual situations presented by the conflicting evidence. Defendant's testimony, if the jury found it to be true, would entitle him to a verdict of not guilty. He was, therefore, entitled to have the legal effect of his evidence explained to them. *Saunders v. Warren*, 267 N.C. 735, 149 S.E. 2d 19; *Faison v. Trucking Co.*, 266 N.C. 383, 146 S.E. 2d 450; *Williamson v. Williamson*, 245 N.C. 228, 95 S.E. 2d 574; 4 Strong, N. C. Index, Trial § 33 (1961).

New trial.