### STATE v. SAM ANGEL.

(Filed 14 December, 1927.)

**Certiorari—Appeal and Error—Courts—Discretion — Laches — Merit— Statutes—Rules of Court—Dismissal.**

> The granting of a *certiorari* by the Supreme Court to bring up for review a case on appeal, lies within the discretion of the court upon a showing made by the appellant that he himself had complied with all the requirements to get the case up and docketed in time to be heard under the rules of court, that the defense was meritorious, and that he had not been guilty of any laches therein, but that the delay was attributable to the proper officials of the court in which the case had been tried. C. S., 643, 644.

MOTIONS by the defendant (1) for *certiorari* to have case brought up from Yancey County and heard on appeal, and (2) for a new trial for that the trial judge, Hon. Raymond G. Parker, died before settling the case on appeal, and counsel are not able to agree on a statement of the case. Motion by the State to docket and dismiss.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Charles Hutchins and R. W. Wilson for defendant.*

STACY, C. J. The defendant was convicted at the March Term, 1927, of Yancey Superior Court, of receiving a number of turkeys, the property of one Martha King, knowing them to have been theretofore feloniously stolen or taken, in violation of C. S., 4250. From the judgment pronounced on the verdict, the defendant gave notice of appeal to the Supreme Court. By consent, and with the court's approval, the defendant was allowed 60 days within which to prepare and serve statement of case on appeal, and the solicitor was allowed 60 days thereafter to file exceptions or counter statement of case.

The defendant served his statement of case on appeal before the expiration of the time agreed upon, and the solicitor, through counsel employed to assist him, served exceptions thereto 25 June, 1927, well within the time allowed the State. There is a conflict between counsel for the defendant and counsel appearing with the solicitor as to whether the defendant's statement of case on appeal was returned with the exceptions filed by the State. Defendant says that it was not and for this reason he was unable to send the case and exceptions to the judge, with request that he fix a time and place for settling the case before him. C. S., 644. The trial judge died on or about 29 August, 1927.

It is provided by C. S., 643, that if the appellant's case is "not returned with objections, within the time prescribed (ten days), it shall be deemed approved," and when filed in the clerk's office it becomes part of the record. Such statement apparently has never been filed in the clerk's office. So, taking the defendant's own view of the matter, it would seem that he is not entitled to either motion. If his statement of the case on appeal were "deemed approved" under the statute, as he contends, because not returned with the objections filed by the State, then it follows that the failure to have the case docketed and ready for argument at the call of the Eighteenth District, the district from which the case comes, is due to his own laches and not to any fault of the court or its officers. *Womble v. Gin Co., ante,* 577.

But for another reason the defendant's application for *certiorari* must be denied. He shows no merit, or probable error committed on the trial. *Certiorari* is a discretionary writ, to be issued only for good or sufficient cause shown, and the party seeking it is required, not only to negative laches on his part in prosecuting the appeal, but also to show merit or that he has reasonable grounds for asking that the case be brought up and reviewed on appeal. Simply because a party has not appealed, or has lost his right of appeal, even through no fault of his own, is not sufficient to entitle him to a *certiorari*. "A party is entitled to a writ of *certiorari* when—and only when—the failure to perfect the appeal is due to some error or act of the court or its officers, and not any fault or neglect of the party or his agent." *Womble v. Gin Co., supra.*

Two things, therefore, should be made to appear on application for *certiorari:* First, diligence in prosecuting the appeal, except in cases where no appeal lies, when freedom from laches in applying for the writ should be shown; and, second, merit, or that probable error was committed on the hearing. *S. v. Farmer,* 188 N. C., 243, 124 S. E., 562.

The motion of the Attorney-General to docket and dismiss at appellant's cost must be allowed. Defendant's motions for *certiorari* and for a new trial must be denied.

*Certiorari* disallowed.

New trial denied.

Appeal dismissed.