### IN RE CARY EUGENE SNELGROVE.

(Filed 1 November, 1935.)

1. **Certiorari A a—Writ of certiorari will lie only upon showing of merit and that applicant is not guilty of laches.**

    The clerk entered an order allowing a guardian additional compensation for extraordinary services. Respondent failed to perfect his appeal from the clerk's order, and thereafter applied to the judge of the Superior Court for a writ of *certiorari*. The petition for *certiorari* was denied upon the court's finding of laches and demerit. *Held:* The denial of the petition was without error, *certiorari* lying only upon a showing that applicant was not guilty of laches and that probable error was committed on the hearing.

2. **Reference A a—**

    The appointment of a referee by the judge to ascertain the facts in regard to a petition for *certiorari* is not a reference under the code, but only a method employed by the judge to acquaint himself with the facts.

APPEAL by respondent, The Veterans Administration, from *Cranmer, J.,* at Chambers, Fayetteville, 4 June, 1934. From CUMBERLAND.

Petition by guardians of incompetent World War veteran to pay H. C. Blackwell, attorney and coguardian, additional compensation in the sum of $600 for extraordinary services performed and expenses incurred in the management of the ward's estate.

The facts are these:

1. The petition of the guardians was filed with the clerk of the Superior Court of Cumberland County, 27 January, 1934, under authority of C. S., 2202 (12).

2. This petition was allowed 19 February, 1934, after hearing, it being found that the amount requested was "a reasonable and fair compensation for such services and expenses."

3. Notice of appeal by respondent, The Veterans Administration, was given in open court, but apparently was not perfected, due to some misunderstanding.

4. Thereafter, on 9 April, 1934, the respondent applied to the judge of the Superior Court for a writ of *certiorari* to bring up the case for review.

5. Finally, after some cross-firing between the parties, the judge, at the May Term, 1934, Cumberland Superior Court, ordered that the disputed questions of law and fact be heard before Hon. Charles G. Rose, "referee for and on behalf of the court," who was directed to report to the judge not later than the first day of the June Term, succeeding.

6. The referee found that the respondent had not properly perfected its appeal from the order of the clerk, and recommended that the same be dismissed. He further recommended that, upon the merits of the case, the order of the clerk be affirmed.

7. At the June Term, 1934, the judge adopted the recommendations of the referee, and denied respondent's petition of 9 April for writ of *certiorari.*

From this ruling the respondent appeals.

*Robert H. Dye for petitioner.*
*J. D. DeRamus and J. H. Whittington for respondent.*

STACY, C. J. The single question of law presented by the appeal is whether error was committed in denying respondent's application and motion for *certiorari.* The court's ruling is based upon the dual ground of laches and demerit. *King v. Taylor,* 188 N. C., 450, 124 S. E., 751. The judgment must be affirmed on authority of what was said in *S. v. Angel,* 194 N. C., 715, 140 S. E., 727: *"Certiorari* is a discretionary writ, to be issued only for good or sufficient cause shown, and the party

seeking it is required not only to negative laches on his part in prosecuting the appeal but also to show merit, or that he has reasonable grounds for asking that the case be brought up and reviewed on appeal. Simply because a party has not appealed, or has lost his right of appeal, even through no fault of his own, is not sufficient to entitle him to a *certiorari*. 'A party is entitled to a writ of *certiorari* when—and only when—the failure to perfect the appeal is due to some error or act of the court or its officers, and not any fault or neglect of the party or his agent.' *Womble v. Gin Co.,* 194 N. C., 577, 140 S. E., 230. Two things, therefore, should be made to appear on application for *certiorari:* First, diligence in prosecuting the appeal, except in cases where no appeal lies, when freedom from laches in applying for the writ should be shown; and, second, merit, or that probable error was committed on the hearing. *S. v. Farmer,* 188 N. C., 243, 124 S. E., 562."

The appointment of a referee, for and on behalf of the court, was not a reference under the code, as respondent seems to think, but only the method employed by the judge of acquainting himself with the facts.

Affirmed.