### RULAX ROWE v. NOEL BETTS FUQUAY.

(Filed 10 June, 1960.)

**1. Automobiles § 411—**

Plaintiff's evidence to the effect that he was walking entirely off the hard surface on the shoulder of the road on his right side of the highway when he was struck from the rear, without warning, by defendant's car, *is held* sufficient to be submitted to the jury on the issue of defendant's negligence.

**2. Trial § 31b—**

The court is required to declare and explain the law arising on the evidence as to all substantial features of the case, and a mere declaration of the law in general terms and a statement of the contentions of the parties are insufficient. G.S. 1-180.

**3. Automobiles § 46—**

Where defendant pleads contributory negligence of plaintiff pedestrian and introduces supporting evidence on the issue, it is error for the court to fail to charge as to the facts necessary to be found by the jury to constitute negligence on the part of plaintiff, but the court should charge, in addition to stating the contentions of the parties, as to the circumstances arising on the evidence upon which the issue should be answered in the affirmative and the circumstances upon which it should be answered in the negative.

APPEAL by defendant from *Burgwyn, E. J.,* at September Assigned Civil Term, 1959, of WAKE.

Civil action to recover damage for personal injury resulting from actionable negligence as alleged in the complaint. Defendant, answering, denies allegations of complaint, and pleads in defense contributory negligence of plaintiff.

The injury involved here occurred at about 10:15 P. M., on 20 December, 1957, on the old Garner Road a short distance from the city limits of Raleigh when the automobile operated by defendant struck plaintiff, a pedestrian. At the point where the accident occurred the asphalt road is twenty feet wide. There are no sidewalks. The shoulders on each side are approximately level with the road, which is straight and practically level, except for a gradual slope, for a distance of about one mile in each direction from the point of the accident. Some rain had been falling and the weather was misty and foggy at the time of the accident.

The evidence tends to show that plaintiff was walking in an easterly direction, away from the city of Raleigh. Defendant was proceeding in the same direction along the road in his automobile. Plaintiff testified that he was walking alongside his right-hand side of the

road, that there were several commercial establishments on that side; that some light was provided on that side; that the area between these establishments and the road was paved in some places; and that the shoulder on the other side was grown up in high grass and weeds. He further testified that when he had walked past the last establishment, and had left the paved area provided by that establishment, and was walking along the dirt shoulder about two and one-half feet off the paved surface of the road, he was struck from behind and without warning by what he later learned was the automobile being operated by defendant. Plaintiff suffered personal injuries.

Defendant's evidence tended to show that he was operating his automobile at a reasonable rate of speed and under proper control; that he was maintaining a proper lookout; that another automobile was following him a few car lengths back; that he had met a few automobiles but was not meeting one at the time of the accident; that he was driving on his right-hand side of the road; that his automobile was on the hard surface of the road at all times; that his lights were shining 100 or 125 feet ahead; that "something" suddenly appeared on the road in front of him; that he swerved to the left in an attempt to miss the object, but struck it with the right front part of his automobile; and that after traveling 75 or 100 feet and stopping his car he returned and found the plaintiff lying on the shoulder of the road.

The issues of negligence and contributory negligence were answered in favor of the plaintiff and damages were assessed. From the judgment entered on the verdict, defendant appeals to Supreme Court, and assigns error.

*Teague, Johnson & Patterson for plaintiff, appellee.*
*Smith, Leach, Anderson & Dorsett, for defendant, appellant.*

Winborne, C. J. I. The evidence considered in the light most favorable to plaintiff was sufficient to go to the jury and defendant's motion for judgment of nonsuit was properly overruled. See *Williams v. Henderson,* 230 N.C. 707, 55 S.E. 2d 462, and *Hatcher v. Clayton,* 242 N.C. 450, 88 S.E. 2d 104.

II. There are several assignments of error based on exceptions duly taken by defendant to the court's charge on the second issue. Among these No. 24 based on exception number 24, is that the court erred in that it "failed to instruct the jury what facts it was necessary for them to find to constitute negligence on the part of the plaintiff or as to the circumstances under which the second issue should be

Rowe *v.* Fuquay.

answered in the affirmative, and under what circumstances it should be answered in the negative, but left the jury unaided to determine what facts constituted negligence on the part of the plaintiff, and thereby failed to declare, explain, and apply the law to the facts arising upon the evidence given in this case as required by G.S. 1-180." The exception is well taken.

*Parker, J.*, speaking for the Court in *Glenn v. Raleigh*, 246 N.C. 469, 98 S.E. 2d 913, said: "The chief purpose of a charge is to aid the jury to understand clearly the case, and to arrive at a correct verdict. For this reason, this Court has consistently ruled that G.S. 1-180 imposes upon the trial judge the positive duty of declaring and explaining the law arising on the evidence as to all the substantial features of the case. A mere declaration of the law in general terms and a statement of the contentions of the parties, as here, is not sufficient to meet the statutory requirement. *Hawkins v. Simpson*, 237 N.C. 155, 74 S.E. 2d 331, where 14 of our cases are cited." In the case in hand the court defined contributory negligence in general terms and stated the allegations and contentions of the defendant relating thereto. However, nowhere in the charge did the trial judge instruct the jury as to the facts necessary to be found by them to constitute negligence on the part of the plaintiff. Nor did he in the charge instruct them as to the circumstances under which the second issue should be answered in the affirmative, and under what circumstances it should be answered in the negative. *Glenn v. Raleigh, supra*. Indeed there is failure to explain the law of contributory negligence applicable to the evidence upon which the defendant's contentions were based, should the jury find the facts from the evidence to be as contended for by him. *Brooks v. Honeycutt*, 250 N.C. 179, 108 S.E. 2d 457.

Other assignments of error are not expressly considered. They may not recur upon another trial.

For the error pointed out, the defendant is entitled to a

New trial.