### SYLVIA S. THERRELL v. RUFUS FRED FREEMAN.

(Filed 21 March, 1962.)

**1. Trial § 33—**

The trial court is required by statute to declare and explain the law arising on the evidence as to all substantial features of the case without prayer for special instructions, and a mere declaration of the law in general terms and a statement of the contentions of the parties is insufficient, the provisions of the statute being mandatory. G.S. 1-180.

**2. Same—**

Where statutory law is involved in an action, a simple explanation thereof is generally preferable to reading the statute to the jury. but in any event the court is required not only to charge the statutory law but also to apply the statutory law to the evidence in the case.

**3. Negligence § 28—**

A charge on the issue of contributory negligence which merely gives the contentions of the parties, without defining contributory negligence, and without explaining the law applicable to the facts in evidence, constitutes prejudicial error.

**4. Appeal and Error § 17—**

*Certiorari* is allowed in this State only upon vote of a majority of the members of the Supreme Court in conference, and when the Court has decided that defendant had not been guilty of laches in prosecution of the appeal and that the appeal is meritorious, and grants *certiorari*, it is irrelevant and impertinent for opposing counsel to contend in the brief that *certiorari* should not have been allowed.

SHARP, J., took no part in the consideration or decision of this case.

On writ of *certiorari* from *Sink, E.J.,* April 1961 Civil Term of MECKLENBURG. Defendant appealed.

This is a civil action to recover for personal injuries suffered by plaintiff in a collision of motor vehicles allegedly caused by the actionable negligence of defendant.

Plaintiff and defendant were operating automobiles northwardly along South College Street in Charlotte. Defendant was following plaintiff. Plaintiff stopped and defendant's car ran into the rear of plaintiff's vehicle.

The Court submitted issues of negligence, contributory negligence and damages. The jury answered the first two issues in favor of plaintiff and awarded $7500 damages. Judgment was entered in accordance with the verdict. Defendant excepted and gave notice of appeal.

The case on appeal was not settled by agreement or by the judge ·prior to the time for docketing in the Supreme Court. Defendant petitioned the Supreme Court for writ of *certiorari* and the petition was allowed.

Defendant assigns error.

*Bailey & Booe for plaintiff.*
*John H. Small for defendant.*

MOORE, J.　Defendant assigns as error the court's instructions to the jury on the second or contributory negligence issue. Exceptions relate particularly to the judge's definition of contributory negligence, his failure to declare and explain the law arising on the evidence, and his failure to apply the law to the facts.

Defendant alleges that plaintiff was negligent on the occasion in ·question in that she (1) violated G.S. 20-154(a) by suddenly stopping the vehicle she was operating without first ascertaining that she could do so in safety, (2) failed to give a signal of her intention to stop, and (3) failed to keep a proper lookout; and that such negligence on plaintiff's part was a contributing cause of the collision and plaintiff's injuries. Whether there was evidence to support any or all of these specific allegations of negligence is a question not presented on this appeal. We assume that one or more of the allegations was supported by evidence since the court submitted an issue of contributory negligence.

In charging on this issue the court declared: "Contributory negligence is but the failure to exercise due care upon the plaintiff as a driver, and due care means here just what it did before." The court then properly placed the burden of proof on defendant, and gave defendant's contentions in very general terms. Nowhere in the charge, on this issue or elsewhere, is there any instruction, declaration or explanation as to the law with reference to stopping, signals or lookout, nor any attempt to apply the law relative to any of these matters to the particular facts and circumstances in this case. The court concluded its charge on this issue as follows: "If you shall be satisfied

by the greater weight of the evidence with his contentions on the second issue, you will answer it Yes, and if you are not so satisfied . . . you answer it No."

The court's charge on the contributory negligence issue is inadequate and fails to comply with G.S. 1-180. The provisions of that statute are mandatory, and a failure to comply is prejudicial error. *Godwin v. Hinnant,* 250 N.C. 328, 108 S.E. 2d 658.

It is the duty of the trial court to declare and explain the law arising on the evidence as to all substantial features of the case, without any special prayer for instructions to that effect, and a mere declaration of the law in general terms and a statement of the contentions of the parties is insufficient. *Byrnes v. Ryck,* 254 N.C. 496, 119 S.E. 2d 391; *Rowe v. Fuquay,* 252 N.C. 769, 114 S.E. 2d 631; *Glenn v. Raleigh,* 246 N.C. 469, 98 S.E. 2d 913; *Hawkins v. Simpson,* 237 N.C. 155, 74 S.E. 2d 331. If the pertinent law is statutory, a mere reading of the statute without applying the law to the evidence is insufficient. *Chambers v. Allen,* 233 N.C. 195, 63 S.E. 2d 212. The court is not required to read the statute to the jury; a simple explanation of the law is generally preferable. *Kennedy v. James,* 252 N.C. 434, 113 S.E. 2d 889; *Batchelor v. Black,* 232 N.C. 314, 59 S.E. 2d 817.

A charge on the issue of contributory negligence which merely gives the contentions of the parties, without defining contributory negligence and without explaining the law applicable to the facts in evidence, constitutes prejudicial error. *Dixon v. Wiley,* 242 N.C. 117, 86 S.E. 2d 784.

Defendant makes thirty-one assignments of error. Since there must be a new trial, it is not deemed necessary or beneficial to discuss them *seriatim.* The errors involved, if any, may not recur upon a retrial.

Counsel for plaintiff contends in the brief that *certiorari* should not have been allowed by this Court. The argument is irrelevant and impertinent. Long before the time for filing brief this question was moot.

It is the custom and practice in this Court that all petitions for *certiorari* and all motions relating to appeals are considered and decided by the full Court in conference. Concurrence of a majority of the Court is required for decision in any of these matters. *Certiorari* may be granted in some appellate courts without a conference vote and by acquiescence of less than a majority of the members, but not so here. The fact that orders are signed by only one member of the Court, for the Court, may not be taken to mean that the Justice who signed the order passed on the petition alone. The petition for *certiorari* in the instant case was considered by the full Court in conference, with all members present. The decision thereon is the decision of the Court. The Court decided that defendant had not been guilty of laches

in prosecution of the appeal and that the appeal was meritorious. In exercise of its discretion the Court issued the writ. *State v. Angel*, 194 N.C. 715, 140 S.E. 727. Counsel will not now be heard to say that the writ was improvidently issued. The matter is not debatable.

New trial.

SHARP, J., took no part in the consideration or decision of this case.