ROBERT EDWARD SAUNDERS v. RUFUS GEORGE WARREN AND RADIG VAULT CORPORATION, INC., A CORPORATION.

(Filed 6 July, 1966.)

**1. Automobiles § 42c—**
 Evidence tending to show that plaintiff's truck was stopped in a position blocking the entire eastbound lane and part of the westbound lane of the highway at a place where a number of vehicles were stalled in snow, and that the view of defendant was obstructed by falling snow and a curve, that the highway from the curve to plaintiff's vehicle was slightly downgrade and covered with ice and snow, and that defendant struck the rear of plaintiff's vehicle, *held* to take the issue of plaintiff's contributory negligence to the jury. G.S. 20-161(A).

**2. Trial § 33—**
 It is the duty of the trial court to explain the law arising on the evidence as to all substantial features of the case, and a mere declaration of the law in general terms and a statement of the contentions of the parties with respect to a particular issue is not sufficient to meet the requirements of G.S. 1-180.

**3. Automobiles § 46—**
 Where the evidence presents the question of plaintiff's contributory negligence in stopping his truck on the highway some 285 feet beyond a curve during a snow, so as to block the lane of travel of motorists going in his direction, and there is evidence that plaintiff's driver had stopped in an emergency to aid motorists in other vehicles stalled in the snow, *held* it is error for the court to fail to charge the jury with respect to the law in regard to contributory negligence and apply the law to the facts adduced by the evidence, and mere statement of the contentions of the parties and the general law is insufficient.

**4. Same—**
 It is error for the court to state defendant's contention that the report of the highway patrolman stated that plaintiff's truck was improperly parked, since whether plaintiff was or was not guilty of contributory negligence by reason of the manner in which he parked his truck is to be determined under the applicable statutory or common law and not by the standards established by the highway patrol or the conclusions reached by the investigating patrolman.

MOORE, J., not sitting.

SAUNDERS *v.* WARREN.

APPEAL by plaintiff from *Shaw, J.*, 27 September Civil Session of FORSYTH.

Plaintiff instituted this action to recover for personal injuries allegedly caused by defendant Warren's negligent operation of the corporate defendant's 1962 Studebaker truck. It was admitted that Warren was driving the truck as agent of the corporate defendant.

The accident occurred at approximately 5 P.M. on 26 February 1963 on N. C. Highway 66 north of the city of Winston-Salem, North Carolina. At the point of the accident the highway ran generally east and west. The plaintiff was proceeding eastwardly on said highway, a 20-foot paved road with a 3- or 4-foot shoulder on each side and a ditch on the right side going east. It was snowing, the road was covered with snow and was slightly down grade. The plaintiff, driving a flat-bed truck belonging to Piedmont Airlines, his employer, rounded a right curve and saw some 285 feet ahead of him vehicles stalled on the highway. The plaintiff stopped for the purpose of rendering aid to these vehicles and assisted a woman whose car was off on the shoulder of the road and stuck in the snow to get back on the road. He then tried to pull a pickup truck which was stranded on the road with its front wheels off the highway and its rear wheels on the highway. He failed to get this truck back on the highway, but did get it off the highway and on the shoulder of the road. He then returned to his truck, which was stopped diagonally across the road, completely blocking the lane for eastbound traffic, and the left hand lane going east was at least half blocked. The defendant Warren, operating said Studebaker truck, was proceeding eastwardly on said highway. The front end of the Studebaker truck collided with the left rear of plaintiff's stopped truck. The truck of Piedmont Airlines was not damaged by the collision.

The jury answered the issues of negligence and contributory negligence in the affirmative, and judgment was entered accordingly. The plaintiff appeals, assigning error.

*White, Crumpler, Powell, Pfefferkorn and Green for plaintiff appellant.*

*Hudson, Ferrell, Petree, Stockton, Stockton & Robinson and Robert Elster for defendants, appellees.*

DENNY, E.J. This case was here at the Spring Term 1965. The first trial ended in a judgment as of nonsuit at the close of plaintiff's evidence. On appeal we reversed, holding the evidence was sufficient to require determination by the jury under appropriate instructions on the issues raised by the pleadings. The pleadings raised the issues of negligence, contributory negligence and damages.

The appellant assigns as error the submission of the issue with respect to contributory negligence.

The evidence on the issue of contributory negligence in our opinion is as strong or stronger on the present record than it was on the former. The evidence at the former trial is set out rather fully in the opinion in *Saunders v. Warren*, 264 N.C. 200, 141 S.E. 2d 308. The evidence at the former trial tended to show that at the time of the collision the right wheels of plaintiff's truck were on the right shoulder of the road and the left wheels were two feet on the pavement, "or perhaps a little more," while the defendants' evidence in the trial below was to the effect that at the time of the collision the plaintiff's truck was completely blocking the lane for eastbound travel and the left lane for eastbound travel was at least half blocked.

In the case of *Chandler v. Bottling Co.*, 257 N.C. 245, 125 S.E. 2d 584, the plaintiff's evidence tended to show that the defendants' truck had stopped on the highway to pick up some bottles which it had spilled; that it blocked the major portion of the highway for twenty minutes. The accident occurred about 2:30 P.M. at a curve on the Baux Mountain Road north of Winston-Salem in a rural area. The plaintiff, traveling in the opposite direction, came around the curve at 45 or 50 miles per hour, ran over broken bottles trying to avoid hitting the truck, experienced a blowout, and went off the road, resulting in injuries to the plaintiff. This Court held the evidence was sufficient to make out a *prima facie* case of actionable negligence on the part of the defendant in failing to comply with G.S. 20-161(a), in that defendant failed to leave at least 15 feet of the highway for passage of other vehicles, and failed to display red warning flags at least 200 feet in the front and rear of his vehicle. The Court further said:

> " 'One stopping an automobile on the highway should use ordinary care to prevent a collision with other vehicles operating thereon. A motorist stopping on a pronounced curve should anticipate that a following motorist will have an obstructed view of the highway ahead, * * *' 2A Blashfield: Cyclopedia of Automobile Law and Practice (Perm. Ed.), § 1191, p. 8; *Hunton v. California Portland Cement Co.*, 50 Cal. App. 2d 684, 123 P. 2d 947.

> " 'The operator of a standing or parked vehicle which constitutes a source of danger to other users of the highway is generally bound to exercise ordinary or reasonable care to give adequate warning or notice to approaching traffic of the presence of the standing vehicle, and such duty exists irrespective

of the reason for stopping the vehicle on the highway. So the driver of the stopped vehicle must take such precautions as would reasonably be calculated to prevent injury, whether by the use of lights, flags, guards, or other practical means, and failing to give such warning may constitute negligence. * * *' 60 C.J.S., Motor Vehicles, § 325, pp. 779, 780; *Mullis v. Pinnacle Flour & Feed Co.*, 152 S.C. 239, 149 S.E. 329."

See *Pender v. Trucking Co.*, 206 N.C. 266, 173 S.E. 336; *Montford v. Gilbhaar*, 265 N.C. 389, 144 S.E. 2d 31; and *Faison v. Trucking Co.*, 266 N.C. 383, 146 S.E. 2d 450.

This assignment of error is overruled.

The appellant assigns as error some twelve portions of the charge to the jury on the issue of contributory negligence. Substantially all these portions of the charge are in the form of contentions of the parties with respect to this issue and cover some seven pages of the record. The law as well as the evidence bearing on this issue is stated in the form of contentions. The following portions are typical of those assigned as error:

"The defendants also contend that the evidence of Mr. Shore shows that the truck of Piedmont Aviation had been stopped on the highway ten or fifteen minutes and that thereby it became the duty of the plaintiff to comply with the provisions of General Statute 20-161(A) — that is, the statute that I just read to you — and to place flags or flares at least two hundred feet from the truck in each direction so as to give warning to on-coming vehicles warning them that there was a truck parked in the highway.

\* \* \* \* \*

"The defendants also contend that if section 161(A) does not apply then the plaintiff was required by law to display red flags or flares under the test applying to what a reasonably prudent person would do or would not do under the same or similar circumstances. The defendants contend that the plaintiff had just passed the curve and the road was icy and slick and the plaintiff, for his own protection and for the protection of the public, should have displayed red flags or flares irrespective of any statutory requirements.

\* \* \* \* \*

"The defendants also contend that the Highway Patrolman noted on his report that this truck was improperly parked; that the Patrolman judged the truck by the standards of the Highway Patrol and concluded, according to said standards, that it was improperly parked.

"The defendants also contend that the plaintiff was a professional truck driver with years of experience and that he should have known to put out flags or flares and to warn traffic when he was going to block the highway with the highway being as icy as it was on that day; and the defendants contend that the plaintiff knew that the visibility would be obstructed by the hard snow which was falling and that under all the circumstances and conditions then and there existing the plaintiff himself was guilty of such contributory negligence as constituted one of the proximate causes of the accident complained of and of any injuries or damages which might have been sustained by the plaintiff."

After stating the contentions of the parties, the court charged:

"I repeat, members of the jury, if you find any of these things and find them by the greater weight of the evidence, and further find that such negligent act or acts of the plaintiff was one of the immediate causes of the collision which combined and concurred with the alleged negligence of the plaintiff (should have been defendant) to produce this collision, then you would answer this second issue in favor of the defendants; that is, YES."

The decisions of this Court are consistently to the effect that G.S. 1-180 imposes upon the trial judge the positive duty of declaring and explaining the law arising on the evidence as to all substantial features of the case. A mere declaration of the law in general terms and a statement of the contentions of the parties with respect to a particular issue is not sufficient to meet the requirements of the statute. The judge must explain and apply the law to the specific facts pertinent to the issue involved. *Ryals v. Contracting Co.*, 219 N.C. 479, 14 S.E. 2d 531; *Lewis v. Watson*, 229 N.C. 20, 47 S.E. 2d 484; *State v. Sutton*, 230 N.C. 244, 52 S.E. 2d 921; *Brannon v. Ellis*, 240 N.C. 81, 81 S.E. 2d 196; *Rowe v. Fuquay*, 252 N.C. 769, 114 S.E. 2d 631; *Therrell v. Freeman*, 256 N.C. 552, 124 S.E. 2d 522.

When the judge fails to declare and explain the law and apply it to the evidence bearing on the issue involved, the jurors, unfamiliar with legal standards, are left without benefit of such legal standard or standards necessary to guide them to a right decision on the issue. Ervin, J., in *Lewis v. Watson, supra,* said: "If the mandatory requirements of the statute are not observed, 'there can be no assurance that the verdict represents a finding by the jury under the law and the evidence presented.' *Smith v. Kappas, supra* (219 N.C. 850, 15 S.E. 2d 375)."

Moreover, whether or not the plaintiff was negligent by reason of the manner in which he parked the truck he was driving on the highway at the time of the collision involved herein must be determined under the applicable statutory or common law and not by standards established by the Highway Patrol or the conclusion reached by the investigating patrolman.

We regret that is it necessary to prolong this litigation. Even so, in our opinion the plaintiff is entitled to a new trial, and it is so ordered.

We deem it unnecessary to consider the other assignments of error. They may not recur upon another trial.

New trial.

MOORE, J., not sitting.