OPAL BRANNOCK TATE v. SANDRA LEE GOLDING AND WILLIE A.
GOLDING, BY FOY CLARK, GUARDIAN AD LITEM.

(Filed 21 February, 1968.)

1. Trial § 33—

It is the duty of the trial court to explain and apply the law arising on
the evidence as to all substantial features of the case, and a statement of
what the parties contend the law to be is not sufficient to comply with
G.S. 1-180.

2. Automobiles § 90—

Where the evidence presents the question of plaintiff's contributory neg-
ligence in suddenly pulling from an unpaved road and onto an intersection
of a dominant highway without keeping a proper lookout, it is error for
the court to fail to charge the jury with respect to the law of contributory
negligence and apply the law to the evidence, and a mere statement of
what the parties contend the law to be is insufficient.

APPEAL by the plaintiff from Shaw, J., October 9, 1967 Civil Ses-
sion, SURRY County Superior Court.

This is a civil action by the plaintiff to recover damages for per-
sonal injury and property damage which she alleges she suffered
when her automobile, being operated by the plaintiff, was involved
in a collision with an automobile being driven by Sandra Golding
and owned by Willie Golding. Both defendants filed answers and
cross-actions. The defendants conditionally pleaded contributory
negligence on the part of plaintiff.

The collision occurred on August 22, 1965, at approximately
7:45 p.m., near the intersection of U. S. Highway Number 52, which
runs generally north and south, and Fowler Road, which runs gen-
erally east and west. The intersection is located about one mile
north of the town of Mount Airy.

The plaintiff's evidence tended to show that she was traveling
from east to west on Fowler Road; that she stopped at a stop sign
on the east side of Highway 52; waited for traffic on Highway 52 to
pass, and then entered the highway; and that as she attained a speed
of approximately 35 miles per hour along Highway 52, her vehicle
was struck from behind by the defendants' automobile.

The defendants' evidence tended to show that Sandra Golding, a
minor, was operating her father's automobile in a southerly direction
on Highway 52; that as the defendants' automobile approached the
intersection with Fowler Road, the plaintiff's automobile suddenly
pulled out of Fowler Road and made a left turn onto Highway 52
directly in front of the defendants' car; that the defendant Sandra
Golding applied the brakes, but could not avoid the collision.

The jury answered the issue of the negligence of the defendant

Sandra Golding, "Yes"; and the issue of plaintiff's contributory negligence, "Yes." The plaintiff appealed.

*Blalock and Swanson by Edward N. Swanson, attorneys for plaintiff appellant.*

*Hudson, Ferrell, Petree, Stockton, Stockton, and Robinson by R. M. Stockton, Jr., and J. Robert Elster, attorneys for defendant appellees.*

BROCK, J.  Plaintiff appellant's assignments of error 1 through 6 are to the action of the judge in allowing into evidence, over plaintiff's objections, testimony of statements made by plaintiff to defendant. Plaintiff cites G.S. 8-45.5 in support of her objection. We have carefully considered these assignments of error and, finding them without merit, they are overruled.

The appellant assigns as error four portions of the charge to the jury on the issue of contributory negligence. The following two portions are illustrative:

> "The defendants assert that the plaintiff, herself, in driving a motor vehicle from an unpaved road and into the intersection of Highway Number 52, without keeping a proper lookout and in failing to keep her vehicle under proper control, was in violation of the law."

>                    *          *          *

> "The defendants contend that a driver of a motor vehicle about to enter a highway protected by stop signs must stop, as directed, looking *(sic)* both directions and permit all vehicles to pass, which are at such a distance and traveling at such a speed as would be imprudent for him to proceed into the intersection."

These portions of the charge upon the law are in the form of contentions; in the record before us, there is no additional charge upon the law covered by these stated contentions. G.S. 1-180 imposes upon the trial judge the duty to declare and explain the law arising on the evidence as to all substantial features of the case. A statement of what the parties contend the law to be is not sufficient. *Saunders v. Warren*, 267 N.C. 735, 149 S.E. 2d 19. The judge must explain and apply the law to the specific facts pertinent to the issue involved. *Therrell v. Freeman*, 256 N.C. 552, 124 S.E. 2d 522.

For the errors in the charge upon the issue of contributory negligence, a new trial upon all issues is ordered.

New trial.

MALLARD, C.J., and BRITT, J., concur.