WILLIAM E. ROBERTS, T/D/B/A TRANS-MATIC TRANSMISSION SERVICE v. H. G. HERRING, T/D/B/A HERRING PLUMBING COMPANY

No. 695DC558

(Filed 17 December 1969)

**1. Contracts § 28—— instructions —— amount of damages —— express contract —— quantum meruit**

   In this action to recover the contract price for the installation of a transmission in defendant's automobile, the trial court erred in instructing the jury that it could return a verdict for the contract price, nothing or any amount in between, without submitting separate issues based upon express contract and *quantum meruit* and giving appropriate instructions thereon.

**2. Trial § 33—— instructions —— application of law to evidence**

   It is the duty of the judge to declare and explain the law and apply it to the evidence bearing on the issue involved.

APPEAL by defendant from *Burnett, District Judge,* 28 July 1969 Session of NEW HANOVER County District Court.

This is a civil action brought by plaintiff to recover $206.00. The matter was heard by a magistrate and from adverse judgment the defendant appealed to the district court.

The evidence tends to show that plaintiff agreed to install a used transmission in defendant's automobile for $206.00 and that defendant authorized the installation and agreed to pay the plaintiff $206.00. The next day, upon being advised that his car was ready, defendant gave plaintiff his check for $206.00 and took possession of his automobile. Defendant went directly to the bank and caused payment to be stopped on the check.

From judgment on a jury verdict of $140.00 defendant appeals.

*No counsel for plaintiff appellee.*

*Marshall & Williams by Lonnie B. Williams for defendant appellant.*

VAUGHN, J.

It is difficult to rationalize the theory upon which this case was tried and submitted to the jury. Undoubtedly the court was hindered by the absence of pleadings and by the failure of the defendant to tender issues which embraced his defenses.

**[1]** In the part thereof which is pertinent to this appeal the court instructed the jury as follows:

> "There was a contract here for work on a transmission — replacement of transmission. And, assuming that if the plaintiff has satisfied you from the evidence and by its greater weight that the contract was fulfilled and he did do the work in a workmanlike manner, then it would be your duty to answer this issue in such an amount as would be a fair and equitable amount due him for such work, said amount not to exceed $206.00. The plaintiff contends you should answer this in the amount of $206.00. The defendant contends you should answer it nothing. You may answer it nothing, $206.00, or any amount in between."

The error in this instruction is manifest. If the jury found that there was a contract for the replacement of the transmission and if they found from the greater weight of the evidence that plaintiff fulfilled his part of the contract, it would have been their duty to answer the issue in the amount of the contract price — $206.00. If the court was of the opinion that the evidence was sufficient to support recovery on either an express contract or *quantum meruit*, it should have submitted separate issues and given appropriate instructions thereon. We have read the entire charge and find that at no place therein did the court give the jury any instruction as to what they should find in order to select from the alternative answers the above quoted instruction permitted them to give.

**[2]** It is the duty of the judge to declare and explain the law and apply it to the evidence bearing on the issue involved. When he fails to do this, the jurors, unfamiliar with legal standards, are left without benefit of such legal standards necessary to guide them to a right decision on the issue. *Saunders v. Warren*, 267 N.C. 735, 149 S.E. 2d 19.

New trial.

BROCK and BRITT, JJ., concur.