DAVID DIXON ABDELLA v. WALTER A. STRINGFELLOW, III, AND WALTER A. STRINGFELLOW, JR., ORIGINAL DEFENDANTS

— AND —

WALTER A. STRINGFELLOW, III, AND WALTER A. STRINGFELLOW, JR., THIRD PARTY PLAINTIFFS v. JOHN G. MORRIS AND JOHN MOORE HINES, THIRD PARTY DEFENDANTS

No. 7014SC105

(Filed 24 June 1970)

Torts § 4; Automobiles § 43— automobile accident — multi-car collision — icy road — joinder of additional defendants

In an action for damages by a plaintiff who was injured when the automobile driven by the original defendant, who was also the third party plaintiff, collided into two automobiles which had earlier collided on an icy hill and which were being separated by the plaintiff and the drivers at the time of the second collision, the complaint of the third party plaintiff failed to state a cause of action for contribution against the third party defendants, the drivers of the two automobiles involved in the earlier collision, since the drivers owed no duty to the plaintiff to warn him of the dangerous conditions of the icy road, a fact of which the plaintiff was obviously aware, and since the plaintiff shared in any negligence of the drivers in failing to warn approaching motorists that the plaintiff was in a position of danger.

APPEAL by third party plaintiffs from *Braswell, J.,* 8 September 1969 Civil Session of DURHAM Superior Court.

On the night of 1 February 1966 five automobiles traveling east on Umstead Road at a point a few miles north of the City limits of Durham, N. C., passed over the crest of a hill, encountered ice on the eastern downhill slope of the road, skidded, and came to rest at various points along the road. The first, driven by Covington, came to rest on the right or south shoulder of the road with its rear partially upon the hard surface of the eastbound lane. The second, driven by Morris and in which plaintiff Abdella was riding as a passenger, avoided the Covington vehicle, but skidded completely around and came to rest some forty yards beyond the crest of the hill, with its front headed westwardly on the north shoulder of the road and with its rear sticking out into the westbound lane. The third, driven by Hines, skidded into the rear of the Morris vehicle and came to rest with its front bumper locked into the rear bumper of the Morris automobile and with its rear extending out over the center of the road. Morris, Hines, and Abdella all got out and undertook to dislodge the Morris and Hines automobiles from each other. The fourth vehicle, driven by Laughlin, skidded and came to a stop on the right-hand or south shoulder of the road opposite the Morris and Hines automobiles, with its rear end on and partially blocking the eastbound lane. The fifth automobile, owned by Walter A. Stringfellow, Jr., and being driven by his son Walter A. Stringfellow, III, came over the crest of the hill, also skidded, and collided with the rear of the Hines automobile, where Morris, Hines and Abdella were still trying to separate the Morris and Hines vehicles. Abdella was injured as a result of this collision. Shortly before these events occurred, Abdella, Morris, Hines and the driver of the Stringfellow car had all attended the same fraternity party.

Abdella brought this action against the Stringfellows, alleging his injuries were the proximate result of negligence on the part of the Stringfellow driver in operating his vehicle at a speed greater than prudent under existing circumstances, failing to keep a proper lookout, failing to keep his car under control, and in other respects. On motion of the Stringfellows, original defendants, Morris and Hines were made third party defendants. The Stringfellows filed a third party complaint in which, while denying any negligence on the part of the driver Stringfellow, they alleged that plaintiff Abdella's injuries were proximately caused by negligence of Morris and Hines, and praying judgment that if the Stringfellows should be adjudged liable to plaintiff Abdella in any amount, they be entitled to contribution from Morris and Hines. Hines demurred to the third party complaint of the Stringfellows on the grounds that it failed to state a cause of action, and the only question presented

on this appeal is the correctness of the trial court's judgment sustaining that demurrer.

The Stringfellows' allegations of negligence on the part of Morris and Hines in their third party complaint are contained in paragraph 18, which is as follows:

"18. That each of the third party defendants, John Moore Hines and John G. Morris, once each of them had crossed the crest of such hill, was fully aware of the presence of ice on the eastern downslope of such hill, was fully aware that the presence of such icy surface on said downslope was not visible to, and would not be reasonably known to, automobiles approaching the hill crest from the west, nor to the many drivers who had left or would be leaving the fraternity party after said Morris and Hines, and who later would be approaching the same hill crest; each of them was further fully aware that one automobile, the Covington car, had already skidded partially down the hill on such ice, that another automobile, that driven by the third party defendant Morris had also skidded down the hill in such manner as to turn completely around, that a third automobile, that operated by the third party defendant Hines, had also skidded down the hill in such manner as to collide with the rear of the Morris automobile, and that yet another automobile, the Laughlin car had skidded down the hill and partially off on the shoulder of the eastbound lane; and each of said Morris and Hines further well knew, or in the exercise of reasonable care under the circumstances should have known full well, that another automobile or automobiles approaching such hill crest from the west, including the Stringfellow automobile, in all likelihood would commence sliding on the same icy surface on the eastern or downslope side of the hill, after passing such hill crest, in the same manner as had occurred to each of the first four automobiles, and particularly so when confronted with the dangerous condition presented by the presence of four stopped cars on the hard surface of the highway, each of them partially blocking various portions of the highway at various points, the presence of which could not be known to following motorists until they had crossed the hill crest and entered upon the icy downslope; notwithstanding which such dangerous circumstances and conditions of their own making, and which were well known to them, each of said third party defendants Morris and Hines negligently and carelessly failed to take any steps whatever, as he could and should have done under the circum-

stances, to go himself to the hill crest or to send someone else to the hill crest, or otherwise to take such reasonable steps as were required under the circumstances to warn and stop other automobiles, including that operated by said Stringfellow, which each of them knew would be approaching such hill crest and would be unaware of the hidden and dangerous conditions here-inabove described; and, on the contrary, each of said Morris and Hines, while deliberately disregarding all such safety precautions, negligently and carelessly devoted his efforts exclusively, and for a substantial period of time prior to the arrival of the Stringfellow automobile, to nothing other than efforts to separate said Morris and Hines automobiles, in a place and under circumstances of known danger and peril, in reckless and wanton disregard of the dangerous and perilous consequences likely to follow."

The third party plaintiffs Stringfellow appealed from the trial court's judgment sustaining the demurrer interposed by third party defendant Hines and ordering this action dismissed as to third party defendant Hines.

*Newsom, Graham, Strayhorn & Hedrick, by James L. Newsom, for third party plaintiff appellants.*

*Spears, Spears, Barnes & Baker, by Alexander H. Barnes, for third party defendant Hines, appellee.*

PARKER, J.

If the Stringfellows had brought an independent action against Morris and Hines to recover for any personal injuries and property damages incurred by the Stringfellows, their allegations as to negligence on the part of Morris and Hines might have sufficed to state a valid cause of action. *Saunders v. Warren,* 267 N.C. 735, 149 S.E. 2d 19. In such case Stringfellows' action would have been based on the theory that Morris and Hines owed them a duty to warn of the presence of the Morris and Hines vehicles on the roadway under the circumstances disclosed by the pleadings and that negligence on the part of Morris and Hines in failing to perform this duty proximately caused the personal and property damages incurred by the String-fellows. Stringfellows' complaint, however, was not filed in an independent action in which they sought recovery for any damages caused directly to them by reason of any breach of duty owed by Morris and Hines to the Stringfellows. It was filed under the authority of G.S. 1B-8 (now replaced by Rule 14, Rules of Civil Procedure, G.S. 1A-1,

Rule 14) to obtain contribution from Morris and Hines on the theory that they were joint tort-feasors whose negligence proximately caused injuries to Abdella. As such, Stringfellows' third party complaint states a cause of action only if the facts alleged therein disclose that Morris and Hines negligently breached some duty which they owed directly to plaintiff Abdella. This the third party complaint fails to do.

Morris and Hines owed no duty to Abdella to warn him of the dangerous condition caused by the icy surface of the road and the stalled vehicles thereon. Abdella was as fully informed of these circumstances as were Morris and Hines. Nor did Morris and Hines owe to Abdella a duty to protect him from approaching vehicles by going to the top of the hill and warning the drivers of any approaching vehicles that Abdella was in a position of danger on the road ahead. If there was any negligence on the part of Morris and Hines in failing to give such a warning, then clearly Abdella shared in that negligence and would be barred from any recovery against Morris and Hines. The facts alleged in Paragraph 18 of the third party complaint do not disclose any basis for liability on the part of Morris and Hines for Abdella's injuries. Therefore, appellants have failed to state a cause of action for contribution against Morris and Hines, and the order sustaining the demurrer is

Affirmed.

CAMPBELL and HEDRICK, JJ., concur.