POLLY ROSE MOZINGO v. MID-SOUTH INSURANCE COMPANY

No. 757DC898

(Filed 5 May 1976)

1. **Insurance § 67— death by accidental means — auto accident — sufficiency of evidence for jury**

In an action by plaintiff beneficiary to recover on a policy of insurance issued by defendant which insured plaintiff's husband against loss of life "effected solely by accidental means," the trial court properly submitted the case to the jury where the evidence tended to show that the insured met his death when a truck occupied by him ran off a highway and struck a tree, and evidence that the vehicle had been traveling at a high rate of speed and that, thereafter, blood taken from defendant's heart was .21 percent alcohol did not preclude the jury from finding that decedent's death was effected solely by accidental means.

2. **Insurance § 45— death by accidental means — jury instruction proper**

In an action to recover on an insurance policy insuring plaintiff's husband against loss of life "effected solely by accidental means," the trial court properly explained "accidental means" within the meaning of the policy in question.

3. **Trial § 33— jury instructions — failure to declare and explain law arising on the evidence**

In an action to recover on an insurance policy the trial court erred in failing to declare and explain the law arising on the evidence, it being insufficient for the court to recite only what the parties contended the law was.

APPEAL by defendant from *Carlton, Judge.* Judgment entered 4 June 1975 in District Court, NASH County. Heard in the Court of Appeals 19 February 1976.

Plaintiff is the beneficiary of an insurance policy issued by defendant. Among other things, the policy insured her husband against loss of life "effected solely by accidental means independent of all other causes."

Plaintiff last saw her husband about 11:00 a.m. on February 16, 1974. At that time, he was in good health. To the best of her knowledge her husband had not been a "drinking man" for the past two years and had no trouble of which she was aware. Later that day, a highway patrolman found insured's body pinned in the cab of a pickup truck that had crashed into a tree about 30 feet from the edge of N. C. Highway 581 near Spring Hope. The truck was severely damaged and was described as a "total loss." Apparently without objection, the

patrolman was allowed to venture his estimate that, immediately prior to the accident, the truck had been travelling at a speed of 80 miles an hour. A small boat and a toolbox were found about 300 feet from the truck. The vehicle was found near a curve in the highway. A blood sample was later taken from deceased's heart. The alcoholic content was .21 percent.

The following issue was submitted to the jury:

"1. Is the plaintiff, Polly Rose Mozingo, entitled to recover of the defendant the proceeds under the insurance policy as alleged in the Complaint?"

The jury answered that issue "yes" and judgment was entered for plaintiff in the amount of the policy.

*Milton P. Fields and Leon Henderson, Jr., for plaintiff appellee.*

*Vernon F. Daughtridge, for defendant appellant.*

VAUGHN, Judge.

[1] Defendant brings forward several assignments of error wherein it contends, in essence, that the judge should not have submitted the case to the jury but should have entered judgment for defendant as a matter of law. These contentions cannot be sustained. The evidence tends to show that the insured met his death by external violence which was not totally inconsistent with an accident. The evidence tends to show that he met his death when a truck occupied by him [the parties seem to assume that inferences arising on the evidence are conclusive as to insured's having been the operator] ran off a highway and struck a tree. That there is evidence that the vehicle had been travelling at a high rate of speed and that, thereafter, blood taken from decedent's heart was .21 percent alcohol does not preclude the jury from finding that decedent's death was effected solely by accidental means. The policy contained no specific exclusions from coverage if death occurred while decedent was intoxicated or engaged in a violation of the law.

Defendant brings forward a number of other assignments of error directed to the charge to the jury.

[2] In a long line of cases, our courts have emphasized that the term "accidental death" and "death by accidental means" are not synonymous.

The able trial judge's explanation of "accidental means" within the meaning of the policy in question is in accord with numerous decisions of the Supreme Court. We quote his explanation here.

"Accidental means refers to the occurrence or happening which produces the result and not to the result. That is, accidental is descriptive of the term 'Means'. The motivating, operative and causal factor must be accidental in the sense that it is unusual, unforeseen and unexpected. The emphasis is upon the accidental character of the causation, not upon the accidental nature of the ultimate sequence of the chain of causation.

Now, members of the jury, in laymen's language, we ordinarily think of an accident insurance policy as an accident in a pure sense, that is, a totally, unforeseen, unpredictable, unexpected result. Accidental means, which is the language employed in this policy, goes not to the actual results, in this case the striking of a truck against a tree but goes to the cause of that happening, the cause of the result and the question before you is with reference as to whether or not the cause leading to the striking of the truck against the tree was accidental."

After the foregoing, the court gave a lengthy statement of the contentions of the parties and then closed with this mandate:

"So, finally, members of the jury, with respect to the issue I instruct you that if you should find from the evidence and by its greater weight, that on the 16th day of February, 1974, that the deceased, Mr. Mozingo, was operating his truck along the highway and that while doing so his truck left the highway accidentally, as that accidental means has been defined to you in this charge, independent of all other causes, if you should find those facts by the greater weight of the evidence and you go further and find that the movement of the truck in leaving the highway and striking the tree resulted in his death, I instruct you that it would be your duty to answer the issue in favor of the plaintiff, that is, you would answer the issue yes.

On the other hand, members of the jury, if after considering all of the evidence, the plaintiff has not so satis-

---

Mozingo v. Insurance Co.

---

fied you, or if you find the truth to be evenly balanced, or if you are unable to tell where the truth lies, then your verdict on that issue must be for the defendant and you would answer the issue no."

The foregoing two quotations from the charge constitute the only explanation of the law arising on the evidence given in the case. The rest of the charge, as it relates to the issue at trial, was devoted to a recapitulation of the evidence and a statement of the contentions of the parties.

[3] We regret to say that the judge did not declare and explain the law arising on the evidence. It is true that the judge told the jury that defendant *contended* that insured voluntarily drove at a high rate of speed after drinking alcohol and that these voluntary acts of insured caused the result, but at no time did the judge tell the jury how they should apply that evidence in arriving at their verdict.

> "The decisions of this Court are consistently to the effect that G.S. 1-180 imposes upon the trial judge the positive duty of declaring and explaining the law arising on the evidence as to all substantial features of the case. A mere declaration of the law in general terms and a statement of the contentions of the parties with respect to a particular issue is not sufficient to meet the requirements of the statute. The judge must explain and apply the law to the specific facts pertinent to the issue involved." *Saunders v. Warren,* 267 N.C. 735, 739, 149 S.E. 2d 19.

A recital of what the parties contend the law to be is not sufficient. *Tate v. Golding,* 1 N.C. App. 38, 159 S.E. 2d 276. *See also Hawkins v. Simpson,* 237 N.C. 155, 74 S.E. 2d 331 and cases cited therein.

In applying the law to the evidence, the jury must be given guidance as to what facts, if found by them to be true, would justify them in answering the issues submitted either in the affirmative or the negative. *Credit Co. v. Brown,* 10 N.C. App. 382, 178 S.E. 2d 649.

For the reasons stated, there must be a new trial.

New trial.

Judges MORRIS and CLARK concur.