COLLINS v. LIFE INSURANCE CO. OF VIRGINIA

[99 N.C. App. 567 (1990)]

For the reasons stated herein, the judgment of the trial court is affirmed.

Affirmed.

Judges PARKER and COZORT concur.

———————————

PAMELA COLLINS, PLAINTIFF v. THE LIFE INSURANCE COMPANY OF VIRGINIA, A CORPORATION, DEFENDANT

No. 8926SC952

(Filed 17 July 1990)

Insurance § 46 (NCI3d) — accident insurance — voluntary intoxication — slipping, falling, and drowning as cause of death — recovery under policy proper

Plaintiff was entitled to recover as a matter of law under an accidental death policy where she presented evidence from which it could only be reasonably inferred that, although decedent voluntarily became intoxicated, his slipping and falling into a creek one foot deep and drowning was some additional, unexpected, and unforeseeable mishap which caused his death.

Am Jur 2d, Insurance §§ 581, 627.

APPEAL by defendant from Order of Judge Frank W. Snepp, Jr., entered 7 July 1989 in MECKLENBURG County Superior Court. Heard in the Court of Appeals 7 March 1990.

Paul J. Williams for plaintiff appellee.

Ruff Bond Cobb Wade & McNair, by Robert S. Adden, Jr., and William H. McNair, for defendant appellant.

COZORT, Judge.

Plaintiff instituted a civil action to recover as beneficiary under an insurance policy issued by defendant in the sum of $35,000 to be paid if the death of the insured, plaintiff's deceased husband, was the result of accidental means. The trial court entered summary judgment in favor of plaintiff. We affirm.

The evidence before the trial court was as follows: The body of plaintiff's husband, the insured party, was found lying face down in a creek in water approximately one foot deep. Decedent's clothing had soil stains over the back of the jacket and the seat of the pants. Law enforcement officers at the scene observed what appeared to be slide marks on the bank of the creek. The Report of Investigation by the Mecklenburg County Medical Examiner, Dr. J. M. Sullivan, states that the cause of death was drowning and notes that acute ethanol intoxication (a blood alcohol level of 280 mg. percent, or .28 on the Breathalyzer scale) was a "contributing factor." In the autopsy report, Dr. Sullivan also noted "minor blunt trauma injuries," including abrasions on decedent's forehead and face, hands, and lower legs. The autopsy report lists "drowning" as the cause of death. In his deposition, Dr. Sullivan stated that there was no evidence of any incapacitating trauma such as a skull fracture or brain contusion. He further stated that he found intoxication to be a contributing factor because a person with that blood alcohol level would "have a tendency to fall down, would have gross physical incoordination," but that a person with that level of intoxication who fell into a creek "could certainly get up out of the creek probably" and that, in his opinion, the intoxication did not contribute to decedent's inability to raise himself out of the creek. Dr. Sullivan found no evidence of suicide or criminal conduct. Other evidence established that decedent had been at work earlier in the day but had been drinking on the evening in question.

The accidental death benefit rider to the policy in question provides benefits for death resulting from "accidental bodily injuries effected solely through external violent and accidental means." The policy contains no exclusion relating to intoxication. Defendant contends that the trial court erred in entering summary judgment for plaintiff, arguing there was evidence from which a jury could find that decedent's voluntary act of becoming intoxicated was a direct cause of his death, and, therefore, that his death was not solely caused by "accidental means." We do not agree.

This jurisdiction recognizes a distinction between "accidental" death or injury and death or injury by "accidental means" in that, although the results of an intentional act may be "accidental," the act itself, which is the cause of death or injury, if intended, is not an "accidental means." *Henderson v. Hartford Acc. & Indem. Co.*, 268 N.C. 129, 132, 150 S.E.2d 17, 19 (1966). The rule has been

stated as follows: Even though an unusual or unexpected result occurs by reason of an insured's intentional act, with no mischance, slip or mishap occurring in the doing of that act, the ensuing death is not caused by "accidental means." *Id.* But " 'if, in the act which precedes the injury, something unforeseen, unexpected, [or] unusual occurs which produces the injury, then the injury has resulted through accidental means.' " *Mehaffey v. Provident Life & Acc. Ins. Co.*, 205 N.C. 701, 704, 172 S.E. 331, 333 (1934) (quoting *United States Mut. Acc. Ass'n v. Barry*, 131 U.S. 100, 121, 33 L. Ed. 60, 67, 9 S.Ct. 755, 762 (1889)). In other words, a death which is the natural and probable consequence of a voluntary act or course of conduct is not accidental nor produced by accidental means, because the insured either actually intended the result or is held to have intended it. *Allred v. Prudential Ins. Co.*, 247 N.C. 105, 100 S.E.2d 226 (1957). But a death which is not the natural and probable consequence of a voluntary act is not caused by the voluntary act but results from accidental means. *See* 45 C.J.S. Insurance § 753 (1946 & Supp. 1990).

In *Allred v. Prudential Ins. Co.*, the insured voluntarily lay down in the middle of a highway and was killed when an automobile struck him. Our Supreme Court held that the insured's death was " 'the natural and probable consequence of an ordinary act in which he voluntarily engaged,' " and thus denied recovery. 247 N.C. at 111, 100 S.E.2d at 231 (quoting *Mehaffey*, 205 N.C. at 705, 172 S.E. at 333). It cannot be reasonably said, however, that plaintiff's decedent in the case before us intentionally engaged in any act or course of conduct the natural and probable consequence of which was falling in a creek and drowning in a foot of water.

Rather, the evidence shows that decedent was walking home after voluntarily becoming intoxicated, that he fell down the bank of the creek, that he was found face down in a foot of water, and that the cause of death was drowning. The evidence also shows that a person with a .28 blood alcohol level would be likely to stumble and fall, but that such a person would not be so intoxicated as to be unable to lift himself out of a foot of water. Plaintiff thus presented evidence from which it could only be reasonably inferred that, although decedent voluntarily became intoxicated, some additional, unexpected, and unforeseeable mishap occurred which caused his death. Defendant has forecast no evidence to the contrary. As the evidence established that decedent's death

was by accidental means, the trial court correctly ruled in plaintiff's favor on her motion for summary judgment.

Defendant's reliance on *Mozingo v. Mid-South Ins. Co.*, 29 N.C. App. 352, 224 S.E.2d 208 (1976), is misplaced. In that case, the insured was found dead inside a truck which had crashed into a tree. There was evidence that the insured had been driving at an excessive rate of speed and while intoxicated. The court held that on those facts a jury could find that the death was by accidental means and that, accordingly, the trial court did not err in denying the *insurer's* motion for directed verdict. The question of whether an intoxicated driver who operated a motor vehicle at a high rate of speed, and who was killed when the vehicle crashed into a tree, died as a result of accidental means is hardly comparable to the question of whether a man traveling on foot while intoxicated, and who subsequently drowns after falling into a creek one foot deep, has suffered death by accidental means.

We hold plaintiff was entitled to recover as a matter of law.

Summary judgment for plaintiff is

Affirmed.

Judges WELLS and LEWIS concur.