An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-652

Filed 17 September 2025

Durham County, Nos. 21CRS052155-310, 21CRS052156-310

STATE OF NORTH CAROLINA

v.

CLIFFORD FOX, Defendant.

Appeal by defendant from judgment and order entered 10 January 2024 and 26 March 2024 by Judge L. Lamont Wiggins in Durham County Superior Court. Heard in the Court of Appeals 29 January 2025.

> *Attorney General Jeff Jackson, by Special Deputy Attorney General Robert C. Montgomery, for the State-appellee.*

> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender Brandon B. Mayes, for defendant-appellant.*

GORE, Judge.

Defendant Clifford Fox petitions this Court for writ of certiorari because he concedes his notice of appeal was deficient and because he failed to file a notice of appeal for the Order denying his pro se Motion for Appropriate Relief ("MAR"). Upon

review of defendant's petition, the State's response, and the record, we deny defendant's petition and consequently dismiss the appeal.

We only address defendant's petition because he concedes he lacks an appeal of right on any issue. A petition for writ of certiorari provides a discretionary means to retain jurisdiction when the right to appeal has been lost. *See generally State v. Killette*, 381 N.C. 686 (2022). However, this discretion is not liberally asserted as recognized in *Cryan v. Nat'l Council of Young Men's Christian Ass'ns of U.S.* 384 N.C. 569 (2023). "The writ of certiorari . . . is intended as an extraordinary remedial writ to correct errors of law." *Id.* at 572. We grant certiorari when a defendant demonstrates a meritorious appeal "or that error was probably committed below," and "only if there are extraordinary circumstances to justify it." *Id.* Otherwise, to simply allow certiorari "as a substitute for a notice of appeal . . . would render meaningless the rules governing the time and manner of noticing appeals." *Id.* at 573 (citation omitted).

Having reviewed the issues defendant claims to be meritorious, we determine defendant fails to demonstrate a meritorious appeal or any extraordinary circumstance to justify granting the petition. There has been no civil judgment entered for defendant to seek appeal and the record includes evidence defendant, through sworn testimony, pleaded guilty after the trial court addressed the transcript of plea with him, including satisfaction with his appointed legal services. Therefore,

we deny defendant's petition for certiorari and dismiss the appeal for want of jurisdiction.

DISMISSED.

Judge GRIFFIN concurs.

Judge ARROWOOD concurs in result by separate opinion.

Report per Rule 30(e).

No. COA24-652 – *State v. Fox*

ARROWOOD, Judge, concurring in result only.

I concur in the result to the extent that the result at trial remains undisturbed, however I write separately because I would exercise this Court's discretion to grant the petition for writ of certiorari and affirm on the merits, rather than dismiss the appeal.

Under Rule 21,

> The writ of certiorari may be issued in appropriate circumstances by either appellate court to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action, or when no right of appeal from an interlocutory order exists, or for review pursuant to N.C.G.S. § 15A-1422(c)(3) of an order of the trial court ruling on a motion for appropriate relief.

N.C.R. App. P. 21(a)(1). A trial court's ruling on an MAR is subject to review by writ of certiorari "[i]f the time for appeal has expired and no appeal is pending[.]" N.C.G.S. § 15A-1422(c)(3) (2024). "Ultimately, the decision to issue a writ of certiorari rests in the sound discretion of the presiding court." *Cryan v. Nat'l Council of Young Men's Christian Associations of United States*, 384 N.C. 569, 573 (2023) (citing *State v. Ricks*, 378 N.C. 737, 740 (2021)).

Following his guilty plea on 10 January 2024, defendant filed a *pro se* written notice of appeal as well as a motion for appropriate relief on 24 January 2024. The motion for appropriate relief was denied without hearing on 28 March 2024.

Defendant did not file a separate notice of appeal from the order denying the MAR. Defendant's *pro se* notice of appeal was timely pursuant to Rule 4, referenced the criminal case numbers and the Superior Court division appealed from. Although defendant failed to include a statement that the appeal was to be taken to this Court, the record indicates a copy of the notice of appeal was served on this Court.

Accordingly, it appears the only notable defect to defendant's *pro se* notice of appeal, the lack of a statement that the appeal was to be taken to this Court, was addressed to some extent by serving notice of appeal on this Court. This Court has permitted review of appeals with a similar defect where it could be "fairly inferred that Defendant intended to appeal to this Court" and where the State has not been misled by this deficiency. *See State v. Rankin*, 257 N.C. App. 354, 356 (holding that "failure to designate this Court in her notice of appeal does not warrant dismissal" and denying petition for writ of certiorari as moot), *writ allowed*, 370 N.C. 570 (2018), and *aff'd*, 371 N.C. 885 (2018).

As our Courts have long recognized, certiorari "is a discretionary writ, to be issued only for good or sufficient cause shown," and must "show merit or that [petitioner] has reasonable grounds for asking that the case be brought up and reviewed on appeal." *See, e.g., In re Snelgrove*, 208 N.C. 670, 671–72 (1935). In my view, it would be appropriate to exercise our discretion in this circumstance, where the defect in the notice of appeal was minimal and defendant has raised meritorious

issues on appeal. Assuming arguendo that defendant's petition was granted, defendant's MAR would be reviewable by writ of certiorari pursuant to Rule 21.

I recognize that the majority engages in a brief review of defendant's claims in determining that they are not meritorious or justify granting the appeal. I believe that deciding whether to grant a petition for writ of certiorari based on such a forecast increases the potential for confusion or inconsistent results. Effectively, our discretion would be constrained by whether the panel is persuaded by the petitioner's arguments; a prevailing party would be granted a petition, and a losing party would not, with no regard to the circumstances of the notice of appeal. In the interest of consistency and judicial economy, I would grant the petition and affirm the trial court. Accordingly, I respectfully concur in the result.