RUSSELL L. CLAYTON, BY HIS NEXT FRIEND, HENRY L. CARTER v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA

No. 6919SC37

(Filed 26 February 1969)

1. **Insurance § 37— action on group life policy — nonsuit**

   In plaintiff's action to recover death benefits under a policy of group life insurance issued by the defendant on plaintiff's mother, plaintiff's evidence is sufficient to make out a *prima facie* case that he was the named beneficiary in the policy.

2. **Trial § 17; Evidence § 29— admission of evidence competent for restricted purpose — letter**

   Where part but not all of a letter offered in evidence is competent, it is the duty of the objecting party to point out the incompetent parts thereof, and upon his failure to do so, the admission of the entire letter is without error.

3. **Evidence § 53— expert testimony — handwriting**

   A witness found by the court to be an expert in the field of handwriting may give his opinion that the signatures on two exhibits were written by one and the same person. G.S. 8-40.

4. **Evidence §§ 15, 29— irrelevant evidence — envelope bearing handwriting of insured**

   In an action to recover under a policy of group life insurance, an envelope addressed to the deceased's husband and bearing the purported signature

of deceased insured *is held* irrelevant and therefore incompetent on the issue of whether the insured signed a card designating her husband as the beneficiary of the policy.

**5. Insurance § 7— what law governs — group life insurance**

In the absence of evidence whether policy of group life insurance was delivered in this State, the statute, G.S. 58-211, relating to the standard provisions of a group life policy is inapplicable in plaintiff's action to recover death benefits under such a policy.

**6. Trial § 33— instructions — application of law to the evidence**

Trial judge is required to relate and apply the law to the variant factual situations supported by the evidence and based upon allegations in the pleadings, and the giving of such instructions in the form of the contentions of the parties is not sufficient. G.S. 1-180.

**7. Trial §§ 33, 40— application of law to evidence — form and sufficiency of the issues**

Trial judge erred in failing to instruct the jury as to the circumstances under which the issue in the case should be answered in the affirmative and the circumstances under which it should be answered in the negative.

APPEAL by plaintiff from *Seay, J.,* June 1968 Session of Superior Court of CABARRUS County.

This action was instituted by plaintiff to recover death benefits under a group insurance policy issued by the defendant on plaintiff's mother as an employee of Eastern Air Lines, Inc., (Eastern).

This case has been heretofore appealed by the plaintiff to the Supreme Court from a judgment of nonsuit, and the opinion of the Supreme Court in that case is reported in *Clayton v. Insurance Co.,* 270 N.C. 758, 155 S.E. 2d 145, in which it is stated:

"The plaintiff alleged that the only certificate of insurance issued by the defendant and delivered to Margie C. Jones prior to her death was certificate No. 15291 (which was based on policy No. G-5918). In answer to this allegation 'The defendant expressly denies that it issued a certificate to Margie C. Jones at any time,' and further said in the answer, 'It is admitted that the life of Margie C. Jones was fully insured on the 25th day of November, 1963, under the provisions of a policy issued by the defendant Prudential Insurance Company to Eastern Air Lines, Inc., that said Margie C. Jones had fully complied with and duly performed all the terms, provisions and conditions in said policy to be performed by her.' Further saying 'that Prudential has made payment in the amount of $12,500 under the policy to the beneficiary of record Floyd Bradley Jones.'

Payment of the amount due under the policy and to the right person are matters of defense, and the burden of establishing them is upon the Insurance Company after the plaintiff has made out a *prima facie* case.

'The burden of proof is on defendant to establish the facts in support of its defense that it had properly paid the amount due under the policy, or that it had been otherwise discharged or released from its liability thereunder.' 46 C.J.S., Insurance § 1316(8).

If upon the trial Prudential can establish that it was justified in paying the estranged husband instead of the minor son of the deceased, it would, of course, absolve it from responsibility of the latter. However, the plaintiff is entitled to go to the jury."

In this case the court submitted the case to the jury upon the following issue:

"Was the plaintiff, Russell L. Clayton, the beneficiary designated at the time of the death of Margie C. Jones to receive the benefits of the group life insurance policy issued by The Prudential Insurance Company of America on the life of Margie C. Jones, as alleged in the Complaint?"

The jury answered the issue "no" and from judgment entered on the verdict, the plaintiff appeals, assigning error.

*Hartsell, Hartsell & Mills by K. Michael Koontz and William L. Mills, Jr., for plaintiff appellant.*

*Kennedy, Covington, Lobdell & Hickman by Charles V. Tompkins, Jr., for defendant appellee.*

MALLARD, C.J.

Appellee argues and contends in its brief that this Court should not consider any of appellant's assignments of error because appellee's motion for nonsuit should have been allowed. Appellee states in its brief that plaintiff's evidence at the second trial was substantially the same as the evidence at the first trial with the following two exceptions: first, the group contract of insurance was not introduced on the first trial but was admitted into evidence on the second trial; second, the evidence of the defendant "explaining the terms of the group contract and how it worked" was not before the court on the first trial.

[1]   We think that the additional evidence offered on the second trial did not defeat plaintiff's cause of action as a matter of law,

and therefore the case was properly submitted to the jury under the ruling of the Supreme Court in *Clayton v. Insurance Co., supra.*

Plaintiff contends that the court committed error in the admission of evidence and in its charge to the jury. The first question plaintiff presents is: Did the court err in allowing defendant's exhibit 7 to be admitted into evidence?

Exhibit 7 is a letter dated 31 December 1963 to Floyd B. Jones and signed by C. W. Dean, assistant to Eastern's manager of payroll and personnel records, acting as agent of defendant, in which he said: "In reply to your letter of December 16 to Mr. DeBor, we attach hereto Prudential Insurance Company draft No. 041083, in the amount of $12,500., which is the amount due you as beneficiary on the Group Life Insurance of your wife, Margie C. Jones."

[2] Although plaintiff objected to the contents of the entire letter, he now argues that the part thereof reading "which is the amount due you as beneficiary on the Group Life Insurance of your wife, Margie C. Jones," should not have been admitted because it contained a self-serving declaration and an opinion. Part of the letter was competent to corroborate the witness, C. W. Dean, with respect to his testimony of sending the check for $12,500 to Floyd B. Jones. When the letter was offered and upon objection being made, it was the duty of the plaintiff to point out to the trial judge the incompetent parts thereof. This he did not do. The admission of the entire letter, under these circumstances, was not error. *Cobb v. Dibrell Brothers, Inc.*, 207 N.C. 572, 178 S.E. 213.

Plaintiff complains that the trial court committed error in allowing defendant's witness Lawrence A. Kelly to testify that in his opinion the signature "Margie C. Jones" in the upper left hand corner of defendant's exhibit 3 and the signature "Margie Lee Carter Clayton" on the bottom of defendant's exhibit 1 were written by one and the same person, and then admitting defendant's exhibit 3 into evidence.

Defendant's exhibit 3 is an envelope addressed to Floyd B. Jones, Route #1, Box 242A, Kannapolis, N. C., with the return address of Margie C. Jones in the upper left hand corner. The envelope was marked "AIR MAIL" and has two four-cent stamps thereon which have been marked cancelled. The cancellation shows the date of Jan. 16, 1963.

Plaintiff asserts that the testimony of the witness Lawrence A. Kelly as to the signatures and the admission into evidence of defendant's exhibit 3 was prejudicial because such resulted in raising

questions in the minds of the jurors which could only create conjecture and suspicion. Plaintiff does not say what suspicious questions he contends were or could be raised in the minds of the jurors by such evidence.

**[3]**   The witness Kelly was found by the court "to be an expert in the field of handwriting and identification," without objection on the part of the plaintiff. It was competent for the witness to give his opinion as to the signatures involved. G.S. 8-40 provides for the proof of handwriting by comparison. See also *Kaperonis v. Highway Commission,* 260 N.C. 587, 133 S.E. 2d 464.

Plaintiff contends that defendant's exhibit 3 and the evidence identifying it should have been excluded as irrelevant and immaterial. In order to determine the relevancy of defendant's exhibit 3, it is necessary to state briefly a summary of some of the evidence.

Margie C. Clayton had a son, the plaintiff Russell L. Clayton, when she was first employed by Eastern on 1 June 1959 and at the time that she married Floyd Bradley Jones on 5 December 1959. The evidence for defendant tends to show that the deceased, Margie Clayton Jones, was employed by Eastern on three different occasions. The first time was on 1 June 1959 when her name was Margie C. Clayton. She left the employment of Eastern on 1 June 1961. The second time was on 24 November 1961 when her name was Margie Clayton Jones. Thereafter, she left the employment of Eastern either in June 1962 when she stopped work because of a strike or in September 1962 when she was placed in "lay-off status" by Eastern. Thereafter on 29 April 1963, she was "recalled" to work for Eastern under the name of Margie C. Jones and continued to work until her death on 25 November 1963.

Defendant's evidence also tends to show that defendant's exhibit 1 was a type of group insurance card furnished by the defendant herein to Eastern to enroll its employees in the insurance program in effect in 1959. This was a yellow card. It is dated 1 June 1959 and bears the signature "Margie Lee Carter Clayton" and designates as beneficiary therein "Russell L. Clayton, Son."

Defendant's evidence tends to show that defendant's exhibit 2 was a type of group insurance card furnished by the defendant herein to Eastern to enroll its employees in the insurance program in effect in 1961. This was a white card. It is dated 24 November 1961, bears the signature "Mrs. Margie Clayton Jones," and designates as beneficiary therein "Floyd Bradley Jones, Husband."

**[4]**   The witness Kelly testified, without objection, that he com-

pared the signatures on defendant's exhibits 1 and 2 and that in his opinion the signatures were written by the same person. Defendant's exhibit 1 tended to corroborate plaintiff's contention with respect to the beneficiary. Defendant's exhibit 2 tended to corroborate defendant's contention with respect to the beneficiary. Defendant's exhibit 3 tends to show that the deceased, Margie C. Jones, had for some unstated reason, communicated with her estranged husband by letter with a postmark of 16 January 1963. In view of the fact that the authenticity of defendant's exhibit 3 is established by comparison with defendant's exhibits 1 and 2, if it is established, we fail to see what the signature on this envelope proves or disproves. There is no evidence other than by the handwriting expert that Margie C. Jones signed defendant's exhibit 3. Mrs. Henry L. Carter, mother of Margie C. Jones, testified that she could not tell whether it was or was not the signature of her daughter, but it looked like it. We do not think it tends to prove, as defendant contends, that Margie C. Jones signed defendant's exhibit 2. To hold that it did would be to say that defendant's exhibit 3 tends to prove that by which the defendant contends it was proved. We think defendant's exhibit 3 was irrelevant and therefore incompetent.

The general rule with respect to irrelevant evidence is stated in *Corum v. Comer,* 256 N.C. 252, 123 S.E. 2d 473, where it is said:

"As a general rule, evidence, to be admissible, must have some bearing on the issues involved. It must tend to prove or disprove some fact material to the cause of action alleged, or to the defense interposed. This is so for very sound reason. '. . . such facts and circumstances as raise only a conjecture or suspicion ought not to be allowed to distract the attention of juries from material matters.' *Pettiford v. Mayo,* 117 N.C. 27, 23 S.E. 252. 'All the authorities are agreed that if the evidence is merely conjectural or is remote, or has no tendency except to excite prejudice, it should be rejected, because the reception of such evidence would unduly prolong the trial of causes, and would probably confuse and mislead the jury, . . .' "

Plaintiff's contention that the provisions of G.S. 58-211 relating to the standard provisions of a group life insurance policy are applicable here is without merit. The statute relates to a policy of life insurance *delivered in this state.* In this case there is no evidence cited in the appendices to the briefs, and we have found none, as to where the policy of insurance was delivered. There is evidence that the deceased lived in North Carolina, after her separation from her husband, but no evidence as to where the "policy" was delivered, if

in fact it was ever delivered. The policyholder in this case is Eastern. G.S. 58-210(1).

[5]　The provisions of G.S. 58-211 are applicable to a policy of group life insurance delivered in this state. In the absence of evidence as to where the policy was delivered, this statute is not applicable and the trial judge did not commit error in failing to peremptorily charge the jury thereon as contended by plaintiff.

Plaintiff contends the trial judge committed error in stating a contention of the defendant that the "enrollment card" was to be strongly considered by the jury. The judge specifically referred to this as a contention of the defendant, and we are of the opinion and so hold that such did not constitute prejudicial error.

Plaintiff appellant contends, and we agree, that the trial judge failed to instruct the jury as to the circumstances under which the issue submitted should be answered "yes" and the circumstances under which that issue should be answered "no."

[6, 7]　G.S. 1-180 requires the trial judge to declare and explain the law arising on the evidence in the case. This is not done by the judge stating the contentions of the parties. In the instant case the judge stated the contentions of the parties and told the jury how the parties contended the issue should be answered. However, the judge failed to instruct the jury as to the circumstances under which the issue should be answered in the affirmative and the circumstances under which it should be answered in the negative. Giving such instructions as contentions of the parties is not sufficient. The judge is required to relate and apply the law to the variant factual situations supported by the evidence and based upon allegations in the pleadings. 7 Strong, N. C. Index 2d, Trial, § 33; *Saunders v. Warren*, 267 N.C. 735, 149 S.E. 2d 19; *Tate v. Golding*, 1 N.C. App. 38, 159 S.E. 2d 276.

We are of the opinion and so hold that because of the errors mentioned, there must be a

New trial.

BRITT and PARKER, JJ., concur.