PINKIE N. ARCHER AND HUSBAND PAUL ARCHER AND BARBARA WORICK AND HUSBAND, DONALD WORICK v. DELBERT HERMAN NORWOOD, UN-MARRIED, AND LEROY THOMAS NORWOOD, UNMARRIED, AND LEROY THOMAS NORWOOD, EXECUTOR OF THE ESTATE OF LEOTA N. CONSTANTINE, DECEASED

No. 7727SC596

(Filed 1 August 1978)

**1. Evidence § 29.1— admissibility of letters—authenticity of instruments**

   In a partition proceeding in which respondent contended that he had purchased part of the land in question from decedent through lease and option agreements, letters written by respondent between July 1966 and January 1973 in which respondent discussed his claims against decedent's estate, but which failed until August 1972 to mention the purported leases and options and purported receipts for sums paid to decedent, were competent for consideration by the jury on the question of the authenticity of those instruments, and the entire letters were properly admitted where respondent lodged only a general objection to them, although the letters contained virulent attacks on petitioners.

**2. Evidence § 11.3— dead man's statute—observations by witness**

   Petitioner's testimony that she did not observe deceased with sums of money on certain dates while deceased was residing with petitioner did not violate the dead man's statute, G.S. 8-51, since the statute does not prohibit an

interested party from testifying as to acts and conduct of the deceased where the interested party was merely an observer.

**3. Evidence § 17— negative evidence—admissibility**

Testimony by two witnesses that deceased did not possess large sums of money on certain dates was not incompetent negative evidence where it was shown that both witnesses were familiar with deceased's financial condition and were in a position to know whether deceased possessed large sums on the dates in question.

**4. Evidence § 13— letters from attorneys—authentication by attorneys—attorney-client privilege**

Testimony by attorneys authenticating letters they had written on behalf of respondent and the letters themselves did not involve confidential communications so as to fall within the attorney-client privilege.

APPEAL by respondents from *Thornburg, Judge*. Judgment entered 13 May 1977 in Superior Court, GASTON County. Heard in the Court of Appeals 22 May 1978.

Petitioners seek partition by sale of certain land held by the parties to this action as tenants in common as heirs at law of Hazeleen Norwood Johnson (hereinafter referred to as deceased), who died intestate on 10 November 1965. By his answer, respondent Leroy Norwood asserted title to parts of the land in question by virtue of his purchase of said land from deceased during her lifetime, as evidenced by two written agreements: one a twenty-year lease with option to purchase, and the other a twenty-year option contract; alleged payment of $12,450.00 to deceased as purchase price for parts of the land in question, as evidenced by signed receipts in his possession; and further alleged that the land in question could be physically partitioned.

Respondent Delbert H. Norwood accepted service and filed no answer. Respondent Leota N. Constantine filed an answer asserting, in essence, the validity of the claims of respondent Leroy Norwood. Leota N. Constantine subsequently died testate; Leroy Norwood, in his capacity as her executor, was substituted as a party respondent in the action.

Petitioners filed a reply denying respondent Leroy Norwood's allegations with respect to the purported purchase of land from Hazeleen N. Johnson.

The case was transferred to superior court for trial of the issues raised by the pleadings. At trial, petitioners presented

evidence tending to show, *inter alia*, that the signatures purporting to be those of deceased on the aforementioned lease and option agreements were not genuine. Respondents presented evidence *contra*. The issue was submitted to the jury, which answered in favor of petitioners; whereupon the trial court entered judgment declaring petitioners and respondents to be owners of the land in question as tenants in common, and retaining the issue as to whether the lands should be partitioned or sold as a whole pending determination of this appeal.

*Frank Patton Cooke, by Rob Wilder, for petitioners.*

*Basil L. Whitener and Anne M. Lamm for respondents.*

BROCK, Chief Judge.

[1] Respondents first assign error to the introduction into evidence of the contents of letters written by respondent Leroy Norwood. Respondents contend that the letters, which contained virulent attacks on petitioners Archer, were calculated to incite hostility on the part of the jury toward Leroy Norwood, and were thus prejudicial to respondents' case.

This assignment of error must be overruled. The central issue before the jury was the authenticity of the instruments purporting to lease and grant purchase options covering portions of deceased's land to Leroy Norwood. The letters in question covered a time span from July 1966 through January 1973. Portions of the letters dealt with Leroy Norwood's claims against the estate of Hazeleen N. Johnson. Yet the first mention of the contested instruments and purported receipts for payment of sums of money to deceased occurred in a letter dated August 1972. The failure of Leroy Norwood to mention sooner these instruments and receipts and the claims they represented was a circumstance for consideration by the jury in the process of determining the authenticity of the instruments.

Admittedly, large portions of the letters were irrelevant to the matter in controversy. Respondents lodged a general objection to the introduction of the letters, without requesting that the judge exclude the irrelevant portions thereof. Under these circumstances, admission of the letters in their entirety was not error. *See Clayton v. Insurance Co.*, 4 N.C. App. 43, 165 S.E. 2d 763

(1969). Respondents' assignments of error numbers 2 and 9 are overruled.

[2]  Assignments of error numbers 3, 10, 14, 15 and 17 deal with the admission of testimony of petitioner Barbara Worick and another witness, Zora Armstrong, to the effect that the deceased did not possess certain sums of money on certain dates, and to the trial judge's instructions with respect to such testimony. These assignments of error are without merit.

Respondents contend that the testimony of Barbara Worick was incompetent by virtue of the dead man's statute, G.S. 8-51. We disagree. G.S. 8-51 prohibits an interested party from testifying under certain circumstances concerning a personal transaction or communication with a deceased person. However, the statute does not prohibit an interested party from testifying as to acts and conduct of the deceased where the interested party was merely an observer. *Hardison v. Gregory*, 242 N.C. 324, 88 S.E. 2d 96 (1955). The witness was asked whether she observed Hazeleen N. Johnson with sums of cash on certain dates during the period of time when the deceased was residing with the witness. The witness did not testify as to any personal transactions or communications with the deceased. Thus, the testimony of Barbara Worick was not barred by G.S. 8-51.

[3]  As a second ground for objection, respondents contend that the testimony of Barbara Worick and Zora Armstrong was inadmissible negative testimony. Negative evidence is not inadmissible merely because it is negative. 1 Stansbury's North Carolina Evidence § 82, p. 252 (Brandis Rev. 1973). Upon a showing that a witness was in a position to know of the existence of a fact had it been true, negative testimony as to the non-existence of the fact is not incompetent. 6 Strong's N.C. Index 3d, Evidence, § 17. There was testimony which tended to show that both witnesses were familiar with decedent's financial condition and were in a position to know whether decedent possessed large sums of money on the days in question. The weight to be accorded this negative testimony was a question for the jury. 1 Stansbury's, *supra*, § 82.

We hold that the negative testimony of which respondents complain was properly admitted by the trial judge. It follows that instructions as to this evidence were proper. The assignments of

error discussed by respondents in their second argument are overruled.

**[4]** By their next grouping of assignments of error, numbers 4, 5 and 6, respondents contend that the trial court erred in admitting the testimony of three attorneys which respondents contend related to matters protected by the attorney-client privilege. This argument is without merit. The attorneys testified in order to authenticate letters written by them on behalf of Leroy Norwood. These letters were then introduced into evidence. These letters, which were sent to various of the parties to this action, and in one instance to petitioners' attorney, obviously were not confidential communications between Leroy Norwood and the respective attorney so as to fall within the attorney-client privilege. *See* 1 Stansbury's, *supra*, § 62. Respondents' assignments of error numbers 4, 5 and 6 are overruled.

We have fully and carefully examined respondents remaining assignments of error, and have found them to lack merit. Assignments relating to denial of respondents' motions for directed verdict, and to instructions to the jury, were dependent upon our agreeing with respondents as to the evidentiary questions discussed *supra*. Discussion of these and the other remaining assignments of error would be of little use to the bench or bar.

No error.

Judges CLARK and WEBB concur.